CHARLES J. WEAVER, PLAINTIFF-APPELLANT, v. TOWN-SHIP OF NORTH BERGEN IN THE COUNTY OF HUDSON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued February 26, 1951—Decided March 19, 1951.

Mr. *Edward A. Markley* argued the cause for appellant (*Messrs. Markley & Broadhurst,* attorneys. Mr. *James J. Langan* on the brief).

Mr. *George Rothstein* argued the cause for respondent.

The opinion of the court was delivered by

WACHENFELD, J. In 1944 the plaintiff was appointed secretary to the Director of Public Safety of the defendant township. In 1947 the township, by referendum, adopted the provisions of the Civil Service Act and thereafter the plaintiff was classified in the exempt division of the classified service pursuant to *R. S.* 11:22–26(d).

On August 3, 1949, the plaintiff's employment was terminated by the then Director of Public Safety on the charge

that he had been absent from his duties for five consecutive days without leave of absence and without notice to his superior of the reason for his absence or his intention to return.

The plaintiff demanded and was granted a hearing before the Civil Service Commission and on February 21, 1950, the Commission adjudicated his status as that of an employee in the exempt division entitled to tenure in his position and determined that his dismissal was improper as the alleged grounds had not been proved. It directed his restoration to his pay and position.

The Commission's decision was served on the Mayor and Director of Public Safety of the defendant township on February 23, 1950. Notice of an appeal to the Appellate Division by the township was served on the plaintiff's attorney on March 21 and on the Civil Service Commission on March 23. With both acknowledgments of service endorsed thereon, it was forwarded by mail to the Appellate Division and received and filed on March 28, 1950, after the expiration of the 30-day limit provided in *Rules* 1:2–5 and 4:2–5.

The plaintiff insists the appeal should be dismissed as out of time. The Appellate Division, however, entertained the appeal, relying on its own decision in *In re Pfizer's Estate,* 8 *N. J. Super.* 6 (*App. Div.* 1950), where it decided, although the appeal was not filed within time, the "lawyer * * * understood the rules to be otherwise" and his belief, although erroneous, was "plausible" and the appeal had "merit." It entered judgment reversing and vacating the order of the Civil Service Commission because it concluded the position in question "had not been lawfully created" and it did not pass upon the determination of the Civil Service Commission that the discharge was not justified by the evidence.

The judgment of the Appellate Division in the *Pfizer* case, *supra,* however, was subsequently overruled by this court. *In re Pfizer's Estate,* 6 *N. J.* 233 (1950). There, as here, notice of appeal was served within the prescribed time but was not actually filed with the court until after the period provided for had elapsed. The appeal was dismissed, the court holding:

"An appeal is taken by serving a copy of the notice of appeal upon the attorney of respondent and filing the notice thereof with service acknowledged or with an affidavit of service annexed thereto with the court from which the appeal is being taken. *Rule* 1:2–4(a). Both service and filing must be complied with within time, which, in the instant case was forty-five days. *Rules* 1:2–5 and 4:2–5. The latter of the two requirements was not fulfilled. The action of the Appellate Division was therefore clearly contrary to the mandates of this court as found in those rules and that the time prescribed for the taking. of an appeal cannot and will not be extended."

The pertinent rule is 3:81–8. It provides a review of the final decision or action of any state administrative agency shall be by appeal to the Appellate Division and such appeal. shall be instituted by filing a notice of appeal with the Appellate Division together with an affidavit or acknowledgment. of service of copies of the notice of appeal upon the agency and all other parties to the proceeding or their attorneys. This rule, like *Rule* 1:2–4(a), makes the filing of the notice of appeal one of the prerequisites, while *Rules* 1:2–5 and 4:2–5 fix the time of performance.

The facts being virtually identical, the reasoning and the result of the *Pfizer* case, *supra,* are not only applicable but. controlling. The requirements of the rule as to the time of filing were not complied with.

The judgment of the Appellate Division is reversed and. the cause remanded to that court for the purpose of dismissing the township's appeal.

*For reversal*—Chief Justice VANDERBILT, and Justices. HEHER, WACHENFELD, BURLING and ACKERSON—5.

*For affirmance*—None.