SADIE STERN, PLAINTIFF-RESPONDENT, v. ALBERT GLASSEN AND JOHN MARTIN, DEFENDANTS-APPELLANTS.

Argued November 10, 1952—Decided December 1, 1952.

*Mr. Ralph G. Mesce* argued the cause for appellants (*Messrs. Carl & Wm. Abruzzese,* attorneys).

*Mr. Samuel A. Larner* argued the cause for respondent (*Mr. Robert Scherling,* attorney; *Mr. Jerome D. Schwitzer,* on the brief).

The opinion of the court was delivered by

WACHENFELD, J.   This cause comes here by certification and the posed question is whether or not the appeal taken was within time in compliance with our rules.

On March 11, 1951 the defendants were found guilty of criminal contempt.   Sentence, however, was postponed from time to time until October 19, 1951, when both defendants were fined $50.   The final order and judgment embodying the fine dated October 19, 1951 was not entered or filed until October 24, 1951.

On October 29, 1951, five days later, a notice of appeal was served on the attorney for the plaintiff and a discussion ensued seeking to eliminate the necessity of continuing the

appeal. Although it is disputed, we are assuming a tentative agreement between the parties to move for the entry of a consent order modifying and amending the final judgment to read civil rather than criminal contempt. They also agreed amongst themselves to withhold the filing of the notice of appeal pending the final determination so as not to oust the trial court of jurisdiction.

A consent order containing such modification was prepared and an informal discussion occurred between defendants' counsel and the court, the substance of which is not disclosed by the record.

On November 9 the motion to modify and amend the final judgment was presented to the court which, despite the consent of the respective parties to the order therefor, denied the motion. The next day notice of appeal was mailed to the Clerk of the Superior Court, but the record shows it was not filed until November 14, 1951.

The following month the plaintiff's attorney consented to the entry of an order extending the time of the defendants to prepare and file briefs in their appeal and then, in January, made a motion, which the Appellate Division granted, to dismiss the appeal because it had not been effected within the time limit provided for by *Rules* 1:2–5 and 4:2–5.

The appellants now argue the *bona fide* efforts of counsel to eliminate the necessity of an appeal and their course of conduct in withholding the filing of the notice of appeal until the lower court could act to effectuate the desired result tolled the time for the filing of the notice of appeal.

The appellants rely on *Rule* 1:2–6(*b*), which provides for the tolling of the running of the time for appeal by a timely motion to alter or amend a judgment made pursuant to *Rule* 3:59–6; and they assert these rules do not require such motion to be in writing.

*Rule* 3:7–2, however, is to the contrary:

"(a) An application to the court for an order shall be by motion. A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. * * *"

■ The rules intend to prescribe a definite and precise way and time in which appeals are to be taken. Conferences, discussions and agreements by and between counsel in their various negotiations cannot alter or amend them nor be substituted for the requirements therein written. The expression employed in *In re Pfizer*, 6 *N. J.* 233 (1951), is most appropriate here:

> "It may well be that to require a dismissal of this appeal will work a hardship upon the respondents but such a situation can afford no relief for it is a well established principle in this State that when the time for taking an appeal has run the parties to a judgment have a vested right therein which cannot subsequently be taken from them."

See *Weaver v. Twp. of North Bergen*, 6 *N. J.* 475 (1951); *State v. Janiec*, 6 *N. J.* 608 (1951)

It is urged the plaintiff should have been estopped from pursuing her motion to dismiss the appeal by reason of having consented to the entry of an order extending the time of the defendants to prepare and file briefs.

This suggestion is but an indirect way of attempting to enlarge the jurisdiction of the Appellate Division, permitting it to entertain an appeal otherwise admittedly out of time.

*Rule* 1:7–9 comments upon the general design of the rules being to facilitate business and to advance justice and gives the court the right to relax or dispense with them in any case where it is manifest a strict adherence will work surprise or injustice, but nevertheless excepts from this grant the right of the court to extend the time for taking any action under *Rules* 1:2–5 or 4:2–5.

> "* * * that the time prescribed for the taking of an appeal cannot and will not be extended, *Rules* 1:7–9 and 4:1–10, has been demonstrated by us in a number of decisions. *In the matter of the Estate of Inez S. Horton, deceased*, 1 *N. J.* 571 (1949); *Korfin v. Continental Casualty Co.*, 5 *N. J.* 154 (1950); *Winberry v. Salisbury*, 5 *N. J.* 240 (1950)." *In re Pfizer, supra.*

■■ The court, under our rules as presently existing, not having the power to extend the time for appeal, it is .

quite obvious, we think, that such a right, automatically denied the court, cannot be created by the attorneys of record either by their negotiations, whether agreed upon or disputed, or by their conduct, be it hostile or friendly.

Although it does not alter our conclusion here, it is of interest to note *Rule* 1:7-9 will be changed by an amendment effective as of January 1, 1953. See *New Jersey Law Journal*, November 27, 1952.

Finally, it is insisted a criminal contempt is a criminal cause and pursuant to *Rule* 1:2-5(*a*) the time for appeal therein is three months, this being the period specifically provided for in such causes, and that the appeal here should not be limited to the ten-day period prescribed for final judgments of contempt in subsection (*c*), as there is no fair implication that both civil and criminal contempts were included within the meaning of the rule.

*Rule* 1:2-5(*c*) reads:

"Interlocutory judgments, orders or determinations, and final judgments of contempt, 10 days."

In promulgating this rule the court did not see fit to make a distinction in the time of appeal between civil and criminal contempts although it was fully cognizant of the existence of both. The defendants' endeavor to differentiate the rule in this respect is without real merit or support. The intent was otherwise. The rule clearly provides the time for appeal is ten days and the record shows it was not filed within the time so limited.

The judgment of the Appellate Division dismissing the appeal is affirmed, but without costs.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.