29 N.J. Super. 335 (1954)
102 A.2d 669
STATE OF NEW JERSEY, DEPARTMENT OF CIVIL SERVICE, PLAINTIFF-APPELLANT,
v.
THE PARKING AUTHORITY OF THE CITY OF TRENTON AND MARY G. ROEBLING, INDIVIDUALLY AND AS CHAIRMAN OF SAID AUTHORITY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 21, 1953.
Decided January 26, 1954.
*336 Before Judges JAYNE, FRANCIS and PROCTOR.
Mr. John W. Griggs argued the cause for the appellant (Mr. Theodore D. Parsons, Attorney-General, attorney).
Mr. John J. Connell argued the cause for the respondents.
The opinion of the court was delivered by PROCTOR, J.S.C. (temporarily assigned).
This appeal involves the status of the employees of the Parking Authority of the City of Trenton in reference to the provisions of the Civil Service laws of the State.
The action was brought by the Department of Civil Service to obtain a judgment declaring the above-mentioned employees to be within the protection of Title 11 of the Revised Statutes (Civil Service).
The trial division entered a judgment in favor of the defendants (27 N.J. Super. 284 (Law Div. 1953)). Plaintiff appeals.
The facts are not in dispute. In 1911 the city by referendum adopted Title 11 of the Revised Statutes. In December 1948 the parking authority was established by an ordinance of the city pursuant to the enabling statute, L. 1948, c. 198 (N.J.S.A. 40:11A-1 et seq.), the parking authority *337 Law. All of the operating expenses of the authority, including the payment of compensation to its employees, are met from the proceeds of the fees charged to the public for parking vehicles. Revenue derived by the authority from its operations is retained by it and is not turned over to the city. The members of the authority are appointed by the board of commissioners of the city, and at various times the city has made gifts of land to the authority.
Appellant contends that the authority so established is a branch or department of the City of Trenton and its employees are employees of the city and are within the protection of the provisions of the Civil Service Act applicable to the city.
The Parking Authority Law, supra, was enacted to promote the public safety and convenience in relieving congestion of traffic in the streets of municipalities. A history of the parking problem in municipalities and the creation of authorities to deal with the problem is set forth in DeLorenzo v. City of Hackensack, 9 N.J. 379 (1952); see also 15 N.J. Super. 341 (Law Div. 1951).
The Parking Authority Law authorizes the governing body of a municipality to establish a local parking authority. The authority so established is "a body corporate and politic" with perpetual succession. It may sue and be sued and make contracts, including agreements with the municipality; it may sell, buy or lease property; it may fix rates and collect charges for the parking privileges it provides; it may borrow money secured by mortgages on its property or pledges of its income; it may make by-laws and regulations to carry its power into effect. It must file an annual audit of its accounts with the Director of the Division of Local Government.
In recognition of the close relationship between the parking authority and the municipality, the Legislature provided that an authority may come into being only by the action of the governing body of the municipality, which is authorized to appoint the five commissioners of the authority. The act authorizes the municipality to cooperate with the authority *338 by making loans and grants to it and in other ways assisting it in the accomplishment of the object for which it is established. However, the authority acts in its own name; it cannot bind the city by its actions. It transmits no money to the municipality, but retains all revenue derived from the services of its employees and the use of its assets; from such revenue it meets all of its operating expenses including the compensation of its employees.
In support of its contention appellant relies upon the following language contained in N.J.S.A. 40:11A-4: "Such authority shall constitute an agency and instrumentality of the municipality or county creating it." The same language is contained in the Local Housing Authorities Law (N.J.S.A. 55:14A-4).
The word "agency" has various meanings according to context. When used in governmental parlance it does not necessarily signify one who represents and takes orders from another. It has been held that a local housing authority created under the Local Housing Authorities Law (N.J.S.A. 55:14A-1 et seq.) is not a subordinate board of the municipality that established it. Monte v. Milat, 17 N.J. Super. 260 (Law Div. 1952). The term "agency and instrumentality" as used in the statute merely signifies the body or facility by means of which a governmental project is to be accomplished. For example, in contracting with the city the authority acts as a principal. Were the authority merely an agent, a contract would be unnecessary. See Ciulla v. State, 191 Misc. 528, 77 N.Y.S.2d 545 (N.Y. Ct. Claims 1948).
The Parking Authority Law, supra, authorizes the authority to conduct its own fiscal affairs and produce its own revenue. The authority cannot depend upon moneys raised by taxation. It may undertake projects independent of financial aid from the municipality. The municipality is not liable for any obligations incurred by the authority. The municipality can in no manner circumscribe the activities of the authority which are performed in accordance with the statute. All this makes it plain that the parking *339 authority, although created by and in a municipality, is an independent public corporate entity, distinct and separate from the municipality.
Appellant also contends that in the parking authority Law, supra, there is an absence of any provision excepting employees of the authority from the protection of Title 11 of the Revised Statutes, and that this silence supports an inference of a legislative intent to include the employees within Title 11.
We do not agree with this contention. N.J.S.A. 40:11A-5 provides, inter alia, that the authority may employ "agents and employees, permanent and temporary, as it may require, and shall determine their qualifications, duties and compensation. * * * An authority may delegate to one or more of its agents or employees such powers and duties as it may deem proper."
The above provisions are not compatible with the terms of Title 11 relating to municipal employees. For example, the Civil Service Law (R.S. 11:22-12) provides that no person shall be "appointed or employed under any title not appropriate to the duties to be performed nor assigned to perform the duties other than those properly pertaining to the position which he legally holds." Under the terms of the Parking Authority Law italicized above, the authority may delegate to its employees any duties it deems proper. This could not be done if Title 11 covered its employees. Cf. East Orange v. Civil Service Com., 132 N.J.L. 181 (Sup. Ct. 1944).
An analogy to the Parking Authority Law is found in the Local Housing Authorities Law (L. 1938, c. 19 (N.J.S.A. 55:14A-1 et seq.)). The language of that act relating to employees (N.J.S.A. 55:14A-6) is identical with the language of the Parking Authority Law (N.J.S.A. 40:11A-5) now under consideration. The Local Housing Authorities Law made no reference to the civil service status of the employees of an authority, and it is indicative there was no legislative intent to do so for the reason that in 1943 the Legislature enacted a supplement (L. 1943, c. 64 (N.J. *340 S.A. 55:14A-6.1)) which gave employees of certain local housing authorities civil service status, and by a later supplement (L. 1945, c. 147 (N.J.S.A. 55:14A-6.2)) extended civil service status to all local housing authorities. It is evident, therefore, that from the language of the Parking Authority Law, considered in the light of the local housing legislation, the Legislature did not intend to give civil service status to the employees of municipal parking authorities.
For the above reasons we hold that the employees of the Parking Authority of the City of Trenton do not have civil service status.
Judgment affirmed.