37 N.J. Super. 326 (1955)
117 A.2d 281
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BENJAMIN PETROLIA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 3, 1955.
Decided October 17, 1955.
*328 Before Judges CLAPP, JAYNE and FRANCIS.
*329 Mr. Philip J. Mylod, Deputy Attorney-General, argued the cause for the respondent (Mr. Ralph L. Fusco, Deputy Attorney-General, Acting Prosecutor, Passaic County, attorney; Mr. Brendan T. Byrne, Deputy Attorney-General, of counsel).
Mr. Frank B. Bozza argued the cause for the appellant.
The opinion of the court was delivered by FRANCIS, J.A.D.
The defendant was found guilty of armed robbery and seeks a review of the conviction. Prior to the date fixed for oral argument, the State moved for dismissal on the ground that the notice of appeal was not filed within the time prescribed by R.R. 1:3-1(a).
The record discloses that the jury verdict of guilty was returned on October 25, 1954. Sentence was imposed on November 19. For reasons that are not material to our problem, Petrolia was re-sentenced on November 22, 1954. The notice of appeal was docketed on May 4, 1955, more than four months later.
R.R. 1:3-1 (a) requires the appeal in a criminal cause to be taken within three months after final judgment.
On the chronology recited, it is manifest that the appeal is out of time and must be dismissed unless for some reason recognized by the rules the running of the time was tolled. Stern v. Glassen, 10 N.J. 596 (1952); State v. Janiec, 6 N.J. 608 (1951); In re Pfizer, 6 N.J. 233 (1950).
Defendant contends that a tolling occurred because during the three-month period a motion was made for a new trial on the ground of newly discovered evidence. This he claims rendered R.R. 1:3-3(c) applicable and gave timeliness to his appeal.
The motion for new trial on the ground of newly discovered evidence was made on November 22, 1954. It was denied by order entered on March 18, 1955.
R.R. 1:3-3(c) says:
"The running of the time for an appeal from a final judgment in criminal causes shall be tolled by a motion for a new trial * * * *330 made within 10 days after the determination of guilt, but the remaining time shall again begin to run from the date of the entry of an order denying such a motion."
This rule contemplates the making of the motion within ten days after the verdict, not after the judgment. Such is the significance of the words "after the determination of guilt" as distinguished from the judgment which is recorded after sentence. Cf. R.R. 3:7-10(d).
Thus an application for a new trial based on newly discovered evidence, if made within the prescribed ten-day period, stops the running of the time for appeal. And the unelapsed time constitutes the period remaining after the disposition thereof for the taking of the appeal. In the present case, the motion was presented 28 days after the verdict. Being 18 days late, it cannot be considered as entitled to the tolling benefit granted by the rule.
However, defendant points to R.R. 3:7-11 (a) which permits the making of a motion for a new trial on the ground of newly discovered evidence "at any time." And he contends that when such a motion is made within the appeal period, the passage of time should be interrupted until the disposition thereof.
The rules recognized that such a motion may be interposed while an appeal is pending. But because the trial court has lost jurisdiction by reason of the appeal, the matter can be heard only through the medium of a remand of the case. R.R. 3:7-11(a); State v. Bunk, 4 N.J. 482 (1950).
In the present state of the rules, no provision exists for the tolling of time when a new trial is sought for alleged newly discovered evidence after termination of the ten-day period covered by R.R. 1:3-3(c) but before the time for filing the notice of appeal has expired. In that situation the time continues to run despite the pending motion, and even if the trial court has not reached a decision as to the new trial the notice of appeal must be filed as required. In this event an application will have to be made to the Appellate *331 Division to remand the record so that the trial court may complete the matter.
It seems plain from the ten-day limitation imposed by R.R. 1:3-3(c) that the purpose was to expedite appeals in criminal cases and to preclude the delays that would inevitably follow if a tolling of time resulted from the making of a motion of the type involved here a few days before the end of the three-month period.
Moreover, if such a motion remains undecided as the end of the appeal time approaches, in a proper case resort may be had to R.R. 1:27B(2). The instances where the trial court could not reach a decision within an additional 30 days would indeed be rare.
Since the notice of appeal was filed more than a month subsequent to the time limited by R.R. 1:3-1(a), the motion of the State must be granted.
In view of the fact that the question presented had not been ruled upon previously, so far as the reports show, we have reviewed the objections raised by the defendant to the legal propriety of his conviction.
It is argued that the trial court erred in refusing to allow an inspection of the defendant's confession prior to the trial. The defense to the indictment was an alibi and the request for inspection was predicated upon a charge that the confession was extracted by such force and violence to his person that he had no recollection of its contents. The lack of recollection was said to result also from the fact that four years had elapsed between the date on which it was given and the making of the motion. A major reason for the long delay was the flight of Petrolia after being released on bail.
The granting of such a motion is in the discretion of the court and his action will not be interfered with on appeal unless a mistaken exercise thereof clearly appears. State v. Tune, 13 N.J. 203 (1953), certiorari denied 349 U.S. 907, 75 S.Ct. 584 (1955).
The burden of establishing improper use of discretion rests on the appellant, and the record before us does not sustain the charge. Moreover, the allegation that the confession *332 was the product of force was explored at length at the trial when it became necessary for the State to show its voluntary character as a condition precedent to its admissibility. After hearing all of the conflicting proof on the subject, including the testimony of the defendant, the court found as a fact that it was voluntarily given and executed. This conclusion has adequate support in the record.
Under the circumstances, no legal error has been demonstrated in connection with the denial of inspection (State v. Tune, supra), or the admission of the confession in evidence. State v. Pierce, 4 N.J. 252, 258 (1950).
Various other actions of the court before and during and after the trial are challenged. They have been examined and in our judgment they present no legal justification for reversal of the conviction.
Finally, it is urged that a new trial should have been granted on the ground of newly discovered evidence. The application was based upon an affidavit by one Ramirez, a self-confessed participant in the holdup in question.
Ramirez was in State Prison serving a 10- to 15-year sentence at the time of this trial. This fact was known to defendant and even if he was not aware of it, the slightest investigation would have revealed it. However, he was not called as a witness by the State or the defendant. After the verdict and in support of the motion, the affidavit of Ramirez exonerating Petrolia of involvement in the robbery was submitted.
Plainly the tendered proof did not qualify as newly discovered evidence. See State v. Bunk, 4 N.J. 482 (1950), and particularly People v. Shilitano, 218 N.Y. 161, 112 N.E. 733, L.R.A. 1916F, 1044 (Ct. App. 1916), cited therein.
The appeal is dismissed.