63 N.J. Super. 174 (1960)
164 A.2d 361
CAMDEN LIME COMPANY, PLAINTIFF-RESPONDENT,
v.
MICHAEL E. BOREK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 3, 1960.
Decided October 7, 1960.
*176 Before Judges GOLDMANN, FREUND and KILKENNY.
Mr. W. Louis Bossle argued the cause for appellant (Mr. Joseph A. Maressa, attorney).
Mr. Charles A. Cohen argued the cause for respondent (Mr. Jacob L. Furer, attorney; Mr. Samuel P. Orlando, of counsel; Mr. Cohen, on the brief).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendant appeals from a summary judgment entered against him in plaintiff's action to recover the sum of $6,225.74, with interest and costs, for materials sold and delivered.
The complaint, in six counts, was filed June 8, 1959, sometime after defendant had gone bankrupt. The first count was based on an open book account, and the second was a claim for materials sold and delivered. The third count alleged that defendant, having no further credit and in order to obtain materials for the so-called Cherry Valley job, entered into an agreement with plaintiff on September 9, 1955 to secure such materials with combination checks to be issued by Cherry Valley Builders, Inc. to plaintiff and Borek Construction Co. On the same day an agreement for the combination checks was signed by defendant on behalf of himself and the then non-existent Borek Construction Co. which he controlled and operated as his own, which agreement *177 was accepted by Cherry Valley Builders, Inc. Combination checks were issued until November 1955, when defendant in fraud induced Cherry Valley Builders, Inc. to issue checks to Borek Construction Co. only, which funds were withdrawn on defendant's signature to defraud plaintiff. The fourth count recited that defendant had gone into bankruptcy; plaintiff filed its claim; the referee determined that defendant owed plaintiff $6,445.74, the entire amount of its claim, not dischargeable because of the bankrupt's fraud; and that judgment in that sum was entered in the U.S. District Court, which determination was now res judicata. Count five alleges that an account was thereby determined, upon which defendant paid $225, leaving $6,225.74 due, with interest. The final count alleges a balance owing of $6,225.74, with interest, on a book account.
Defendant in due course filed an answer admitting the allegations of the first and second counts, and denying the remainder. By way of special defense he asserted that plaintiff's negotiations, agreements and business activities were at all times with the corporation  meaning thereby the alleged corporation known as Borek Construction Co.  and at no time did he deal with plaintiff as an individual. By way of counterclaim defendant demanded judgment for the $225 he had paid on account.
Plaintiff promptly moved to strike the answer, defense and counterclaim, and for entry of summary judgment. The application was supported by the affidavit of plaintiff's credit manager showing $7,411 due on the claim plus interest, less credits for payments on account. The affidavit charged that the defense to the action was untrue since defendant had no corporation organized at the time of the September 9, 1955 agreements, the certificate of incorporation of Borek Construction Co. having been filed September 26, some 16 days later; and the testimony taken before the referee in bankruptcy disclosed that defendant alone conducted the business of the company, which showed no paid-in capital on its books.
*178 Defendant filed two affidavits in opposition to plaintiff's motion. The first, by his attorney Maressa, stated that he had admitted the first and second counts "through inadvertence and neglect," when in fact they should have been denied. The second, by defendant himself, alleged that "All transactions were executed in the name of Borek Construction Co., never individually." As to the Maressa affidavit, it should be observed that defendant at no time took any step to retract his admissions or to amend his answer. Rather, he filed a motion for summary judgment in his favor, proposing that the complaint be dismissed because "the question at bar is presently pending" before the U.S. District Court. (The question referred to, as shown by another affidavit filed by Maressa, was whether a judgment based on fraud could be docketed against defendant individually by order of the bankruptcy referee.) As for defendant's affidavit, nowhere in the trial court proceedings does he clearly state that at the time of the September 9, 1955 agreements Borek Construction Co. was a legally existent corporation, nor does he anywhere deny its non-existence on that date.
Although there was argument before the County Court judge on August 18, 1959, the return date of plaintiff's motion for summary judgment, no decision was rendered because of the matter pending in the federal court. No record was made of the argument on that day or on the continued dates of August 24 and September 25, 1959. However, a statement by the trial judge, included in the appendix by leave of this court, gives it as the judge's best recollection that at the time of argument he remarked that the matter would be held pending the U.S. District Court decision, and that since there was no dispute as to the amount, he might enter a summary judgment against defendant if that court vacated the judgment entered by the referee in bankruptcy.
In January 1960 the federal judge filed an opinion, In re Borek, 180 F. Supp. 567 (D.N.J. 1960), holding that the *179 referee lacked the power to direct the entry of judgment against defendant; and on January 14, 1960 he ordered the judgment cancelled, without prejudice to plaintiff's right to proceed against defendant. On being informed of the federal court decision, the county judge wrote both attorneys on January 12, 1960, stating that he was allowing summary judgment and requesting that an order be prepared. Plaintiff's attorney did so, and on January 13, the next day, the court signed an order striking defendant's answer and counterclaim and entering judgment in plaintiff's favor for $7,411 and costs. The order refers to the action taken by the U.S. District Court, finds defendant's application for summary judgment without standing in law or in fact, determines that defendant has no just or legal defense upon the merits, and concludes that by reason of his admissions to owing the debt to plaintiff, as alleged in the first and second counts of the complaint, the answer and counterclaim should be stricken and summary judgment granted. This judgment was entered in the Superior Court Clerk's Office on January 15, 1960, and the usual form letter was sent to defendant's attorney notifying him of that fact.
Defendant's attorney, Maressa, represents that he was absent from his office on a trip to Europe from January 8 to January 26, 1960. He filed no appeal within 45 days from the summary judgment of January 15, 1960. Instead, on February 11, 1960 he prepared a motion to vacate the summary judgment, returnable March 25. After hearing argument on that day, the trial judge forthwith entered an order denying the motion. Defendant's attorney then prepared a notice of appeal on March 31, 1960, which was served by mailing it to plaintiff's attorney on April 1, 1960. It was filed with the Superior Court Clerk on April 4. The notice of appeal is directed against the final judgment entered on January 15, 1960 (but dated January 13) as well as the order denying defendant's motion to vacate that judgment, entered March 25, 1960. The latter aspect of the appeal *180 must be considered abandoned because none of the arguments defendant now makes are addressed to it.
Defendant contends that the bankruptcy proceedings were not res judicata on the issues raised below; that two orders of the referee, entered prior to his direction that judgment be entered in the federal court in plaintiff's favor, are subject to collateral attack and not res judicata; that summary judgment should not have been granted because the affidavits and pleadings raised a genuine issue of fact; and, finally, the appeal was taken within time. On the other hand, plaintiff maintains that the appeal should be dismissed because not timely taken, and that there was no factual issue raised below, so that summary judgment was justified. Plaintiff flatly disavows reliance upon the adjudication of any other court that defendant owes it money, so that the questions of res judicata and collateral attack are not in issue. It points to the fact that the judgment under appeal does not rest upon a judgment entered by another court and stresses that it relies upon the counts of its complaint alleging material sold and delivered to defendant, for which the latter owes plaintiff a sum certain.
In view of our conclusion that this appeal was not taken within time and must therefore be dismissed, it is not necessary to discuss any of defendant's contentions except that his appeal is timely.
R.R. 1:2-8 provides:
"Where an appeal is permitted, it may be taken in any cause by serving a copy of a notice of appeal upon the attorney for the respondent and, if the appeal is from a judgment of a trial court, by serving a copy of said notice upon the trial judge by mail and filing the notice in duplicate with service acknowledged on one copy, or with an affidavit of service annexed thereto, with the court from which the appeal is taken. The service of the copy of said notice upon the trial judge shall not be a jurisdictional requirement of the appeal. * * *"
The earliest date which defendant may claim as the date of service of his notice of appeal is April 1, 1960. Seventy-six *181 days intervened between the entry of summary judgment on January 15, 1960 and that date.
R.R. 1:3-1, made applicable to this court by R.R. 2:3, requires that an appeal from a final judgment like the one in question be taken within 45 days after its entry. The time for taking an appeal may not be enlarged by either the court or the parties, except that a 30-day extension may be granted from the expiration of the 45-day period upon a clear showing of good cause and the absence of prejudice. Application for such an extension "may be made at any time, provided that the action required to be taken within the specified time was in fact taken within that time as extended by the court." R.R. 1:27B(d). No appeal was taken within either the initial 45-day period or the 30 days that followed, nor has defendant at any time made application for an extension.
Defendant's motion to vacate the summary judgment did not toll the time for the taking of an appeal. R.R. 1:3-3(f), which specifies certain timely motions which do toll the running of the time for appeal, does not aid defendant. The motions which toll the running of time are those for judgment under R.R. 4:51-2, to amend or make additional findings of fact under R.R. 4:53-2, to alter or amend a judgment under R.R. 4:61, or for a new trial under R.R. 4:61. Defendant's motion did not, of course, fall under any of these headings. His was a motion to set aside the summary judgment "on the grounds that such judgment is void and was the result of a mistake." This was a motion under R.R. 4:62-2. By the very terms of that rule, and by its omission from R.R. 1:3-3(f), a motion to vacate a judgment does not toll the running of the period for appeal. Hodgson v. Applegate, 31 N.J. 29, 36 (1959), affirming 55 N.J. Super. 1 (App. Div. 1959).
Defendant seeks to void the time limitation on the taking of the appeal by a resort to R.R. 4:55-1, which provides:
"* * * Except as otherwise provided in these rules or by law, the form of judgments and orders shall be settled upon notice to *182 every party affected thereby who is not in default for failure to appear. Except for ex parte matters, no judgment or order shall be signed by the court except in the presence of the attorneys for every party affected thereby who is not in default for failure to appear unless such judgment or order has affixed thereto the written approval or lack of objection of such attorney or party to the form of the order. * * *"
It is argued that defendant's attorney did not affix his written approval or lack of objection to the summary judgment; it was not entered in his presence because he was in Europe at the time; and it could not have been entered on notice because it was entered on the very next day after the trial judge had written the attorneys that he would enter summary judgment. This being so, defendant contends that summary judgment was entered in violation of R.R. 4:55-1, and therefore the time limitation imposed by R.R. 1:3-1 and R.R. 2:3 could not justifiably begin to run until defendant waived the defect by his serving of the notice of appeal.
R.R. 4:55-1 was obviously designed to insure that all parties participate in the settlement of a judgment. The trial court's failure to inquire into the lack of written approval of the form of judgment by defendant's attorney, or his lack of objection thereto, or whether notice of the settlement of judgment had been given him, constituted a violation of the rule. It does not, however, follow that the judgment was void. The provisions of R.R. 4:55-1 have been held to be directory rather than mandatory. Landy v. Lesavoy, 20 N.J. 170, 175 (1955). It should be observed that the defendant does not object to the form of the summary judgment, but to the very fact that summary judgment was granted.
This is not a case where the rules governing the time for taking an appeal from a final judgment should be relaxed because counsel could not have known that his motion to vacate the summary judgment did not toll the running of appeal time. The Supreme Court made it entirely clear in the Hodgson case that a motion to vacate a judgment does not toll the running of time. That court, as did this *183 one at the intermediate appeal stage, considered the Hodgson appeal on its merits, though technically out of time, because of counsel's bona fide misunderstanding of the applicability of the rules to the facts. Both courts concluded that the rule must be balanced against the salutary principle that justice must be done in every case. And in State v. Petrolia, 21 N.J. 453, 457-8 (1956), the appeal was considered on the merits even though technically out of time, because the particular rule there involved was sufficiently ambiguous to have misled counsel.
Defendant's attorney cannot claim justifiable reliance on any confused or ambiguous state of the law. The decisions of the Supreme Court and this court in Hodgson extinguished any uncertainty that may have existed. The opinions came down and were published many months before the entry of the summary judgment here under appeal. The proper procedure for taking an appeal and also for moving under R.R. 4:62-2 was spelled out in Hodgson, above, 31 N.J., at page 42. This is not a case of understandable inadvertence on the part of counsel, but rather of plain mistake, unjustified in the light of our courts' recent explicit pronouncements. The responsibility for compliance with the rules of court rests on counsel, and unfamiliarity or ignorance of the rules is not excusable in the circumstances here present. See State v. Newman, 36 N.J. Super. 506, 511 (App. Div. 1955). The appeal must therefore be dismissed as not timely filed.
Any appeal based on the trial court's refusal to vacate a judgment would also have to be disallowed since the issues should have been raised by appeal and not by motion to vacate. The motion to vacate did not purport to introduce anything new; all of defendant's facts and contentions had previously been presented to the court in the form of affidavits. On the motion to vacate, the trial court was presented with precisely the same situation as it faced on the original motion for summary judgment. Under these circumstances defendant's proper remedy was an *184 appeal, not a motion to vacate. Generally, an appeal will not lie where the matter raised by an appeal from an order vacating or refusing to vacate the judgment could have been raised by an appeal from the original judgment. Hodgson v. Applegate, above, 55 N.J. Super., at page 19, affirmed 31 N.J. 29.
The appeal is dismissed.