CITY OF BAYONNE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, APPELLANT-RESPONDENT, v. THOMAS J. DOUGHERTY, DENNIS P. COLLINS, WALTER A. NUGENT AND OWEN LAVAN, RESPONDENTS-RESPONDENTS, AND DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, RESPONDENT-APPELLANT.

Argued February 6, 1961—Decided February 20, 1961.

*Mr. William L. Boyan,* Deputy Attorney General, argued the cause for the appellant Department of Civil Service (*Mr. David D. Furman,* Attorney General of New Jersey, attorney).

*Mr. William Rubin* argued the cause for the respondent City of Bayonne.

The opinion of the court was delivered

PER CURIAM. In *Bayonne v. Dougherty,* 59 *N. J. Super.* 288 (*App. Div.* 1960), the Appellate Division held that the Civil Service Commission had no authority to review the allegedly discriminatory denial of increments to certain employees in Bayonne's Sewer Department. The employees never sought review of the Appellate Division's judgment and we were advised at oral argument that they have since received their increments. The Civil Service Commission did not apply for certification of the Appellate Division's judgment within the 20-day period prescribed in *R. R.* 1:10–4(*a*) nor did it take any proceedings within the additional 30-day grace period referred to in *R. R.* 1:27*B*(*d*). However, 56 days after the entry of the Appellate Division's judgment, the Commission did serve and file a notice of motion for extension of its time. The motion was accompanied by an affidavit which stated that the Commission met on February 2 and 16 and March 1 and 15 and did not decide until March 15 to seek certification but did not set forth any satisfactory explanation for its delay. On May 2, 1960 the Appellate Division denied the motion. Thereafter this court granted certification but directed that the parties argue the question of timeliness along with the merits and

this has been done. We express no opinion as to the merits for we are satisfied that the present proceeding by the Commission should be dismissed as untimely.

The Commission should have sought certification within 20 days as directed in *R. R.* 1:10–4(*a*). Even after the lapse of that period it was authorized to apply in accordance with *R. R.* 1:27B(*d*) for relief upon showing good cause and the absence of prejudice but under the clear and explicit terms of *R. R.* 1:27B(*d*) there was an outer limitation of 30 days within which the Commission was obliged to proceed. The Rules clearly contemplate that where certification is not sought within 20 days and no appropriate action is taken by the losing party within the additional 30-day period, the prevailing party may safely rely and proceed upon the belief that no such review will be sought. Here the Commission's action towards review was first taken after the 50-day period had elapsed and the Appellate Division properly denied its application as untimely. See *Camden Lime Co. v. Borek,* 63 *N. J. Super.* 174, 181 (*App. Div.* 1960); *Cardinale Trucking Corp. v. Motor-Rail Co.,* 56 *N. J. Super.* 150, 152 (*App. Div.* 1959); *cf. Stern v. Glassen,* 10 *N. J.* 596, 599 (1952); *In re Pfizer,* 6 *N. J.* 233, 237 (1951).

Dismissed.

*For dismissal*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*Opposed*—None.