115 N.J. Super. 503 (1971)
280 A.2d 235
STATE TROOPERS FRATERNAL ASSOCIATION, INC., A CORPORATION OF THE STATE OF NEW JERSEY, STANLEY HETMAN, ROBERT BABIAK AND THOMAS ISKRZYCKI, PLAINTIFFS,
v.
STATE OF NEW JERSEY, DEPARTMENT OF LAW AND PUBLIC SAFETY, DIVISION OF STATE POLICE; AND STATE OF NEW JERSEY, DEPARTMENT OF CIVIL SERVICE, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided July 23, 1971.
*504 Mr. Thomas J. Savage for plaintiffs (Mr. Paul R. Williams, Jr., attorney).
Mr. Theodore A. Winard, Deputy Attorney General, for defendants (Mr. George F. Kugler, Attorney General of New Jersey, attorney).
SEIDMAN, J.C.C. (temporarily assigned).
Plaintiffs' lawsuit seeks to restrain and enjoin the Superintendent of State Police from making appointments to existing promotional vacancies and to compel the Division of State Police to conduct competitive promotional examinations prior to the filling of vacancies. The corporate plaintiff, according to the complaint, was selected by a majority of the members of the Division of State Police holding the rank of trooper as their sole representative and bargaining agent, pursuant to the provisions of the New Jersey Employer-Employee Relations Act of 1968, N.J.S.A. 34:13A-5.3. Thomas Iskrzycki, a state trooper, is the only one of the individual plaintiffs so identified in the pleadings, but it appears that the others are also members of the Division.
*505 Because of the subject-matter of the litigation, the Department of Civil Service was added as a party defendant at the suggestion of the court.
Upon the filing of the complaint and supporting affidavits, an order was entered directing the Division of State Police to show cause why a preliminary injunction should not be issued pending the final hearing. Subsequently, counsel agreed to submit the issues to the court on a stipulation of facts and the pleadings and affidavits on file, as though each side had moved for summary judgment.
The basic facts are not in dispute. The issue to be decided, concededly one of law, is whether promotions in the Division must be made on the basis of competitive examination under the Civil Service Law. No reported case has been cited by counsel, and the court has found none, which deals with the precise problem here involved.
The stipulated facts, in pertinent part, are these:
At present there are no competitive promotional examinations of any type in the Division of State Police. None of the individual plaintiffs will be afforded a competitive promotional examination. All promotions within the Division of State Police are presently made by the Superintendent of the Division with the approval of the Attorney General of New Jersey. Troopers are presently treated as members of the unclassified service of the State, and competitive promotional examinations are not afforded to members of such classification.
The thrust of plaintiffs' case is that members of the Division of State Police are in the civil service of the State and that promotions in the Division are required to be filled by competitive examination pursuant to the N.J. Const. (1947), Art. VII, § 1, par. 2, and the Civil Service Law, N.J.S.A. 11:4-2. Defendants response is that the Constitution does not provide a guaranteed right of competitive promotional examinations to a member of the State Police; that a member of the State Police is in the unclassified service; that the Civil Service Law does not entitle *506 a member of the State Police to a competitive promotional examination, and that a promotion in grade is within the exclusive sphere of authority of the Superintendent of State Police.
The Division of State Police in the Department of Law and Public Safety (then designated as Department of State Police) was created and established by L. 1921, c. 102; N.J.S.A. 53:1-1 et seq. The statute provides that all the officers and troopers enumerated therein shall be appointed or reappointed by the Superintendent for a period of two years, and shall be removable by him after charges have been preferred and a hearing granted. N.J.S.A. 53:1-8. Qualifications and examinations for appointment are set forth in N.J.S.A. 53:1-9. Tenure is granted after continuous service of five years. N.J.S.A. 53:1-8.1.
The only provision for promotion is in N.J.S.A. 53:1-5.2, which provides as follows:
Notwithstanding any other provision of law, the rank and grade of any member of the State Police may be changed from time to time, and the number of personnel increased, by the superintendent of State Police where such change or increase is necessary for the efficient operation of the Division of State Police in the Department of Law and Public Safety; provided, the action of the said superintendent in making any such change or increase, shall be approved by the head of said department. * * * [Emphasis supplied]
Plaintiffs argue that, irrespective of the statute, members of the State Police are in the civil service of the State. So far as his case is concerned, the manner of their appointment is not in issue. Only the issue of promotion is involved, plaintiffs claiming the right to a competitive examination by virtue of Art. VII, § 1, par. 2 of the New Jersey Constitution (1947), which provides:
Appointments and promotions in the Civil Service of the State * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examination, which, as far as practicable, shall be competitive * * *. [Emphasis supplied]
*507 However, the Constitution does no more than give permanence and constitutional stature to a civil service system which had been established by statute many years before. In the case of Bayonne v. Dougherty, 59 N.J. Super. 288, 295-296 (App. Div. 1960), appeal dismissed 34 N.J. 240 (1961), the court said:
* * * The Constitutional Convention of 1947 merely wrote into the state charter what had for years been the keystone of New Jersey's personnel system. See L. 1908, c. 156, § 1, now R.S. 11:4-2; N.J.S.A. 2 Proceedings of the Constitutional Convention of 1947, 1126 (Report of the Committee on Executive, Militia and Civil Officers), and page 1133 (Committee Proposal, "Public Officers and Employees," Sec. I, par. 2); and see, generally, ibid. 1465, Carpenter, "Civil Service  The Personnel Article in the State Constitution" (monograph). The Legislature has through the years, by the careful process of amendment and supplementation of the Civil Service Act, adopted such provisions as policy and experience indicated where necessary, all to the end of strengthening the merit system. We will not read the cited section of the Constitution to mean any more than it says, nor carry the legislative intention beyond what is expressly or by clear implication called for by the statutes.
The constitutional language is similar to and obviously patterned after that contained in the Civil Service Law from the time of its first enaactment in 1908. L. 1908, c. 156, § 1; N.J.S.A. 11:4-2, states:
Appointments to and promotions in the civil service of the state shall be made only according to merit and fitness, to be ascertained, as far as practicable, by examinations, competitive, if practicable. No person shall be appointed, transferred, reinstated, promoted, reduced or dismissed as an officer, clerk, employee or laborer in the civil service under the government of the state in any manner or by any means other than those prescribed by this subtitle.
As originally adopted, the Civil Service Law established two general classes of state service, the classified service and the unclassified service, and provided that the latter should not be subject to any of the provisions of the act. L. 1908, c. 156, § 11. The specific offices so excluded are listed in § 11. No tenure was conferred on this class, *508 and appointment to it could be made without competitive examination. See Perrella v. Board of Education, Jersey City, 51 N.J. 323, 333 (1968). Included in the classified service were all persons in the paid service of the State or the municipalities thereof that might adopt the provisions of the act, except those in the unclassified service. The classified service was subdivided into four groups: exempt, competitive, noncompetitive and labor. The 1930 supplement to the Civil Service Law seems to have abolished the exempt subclass, although retaining the distribution of the civil service into the classified and unclassified services. L. 1930, c. 176. See Campbell v. Dept. of Civil Service, 39 N.J. 556, 557 (1963). Such distribution still exists, having been incorporated in subsequent amendments, and the classified service is no longer divided into subclasses. L. 1948, c. 121; L. 1952, c. 293. As the law reads today, "classified service" means, unless otherwise provided in the subtitle, all positions in the state service, whether paid or unpaid, full-time or part-time, whether existing or hereafter created, except positions held by persons enumerated in section 11:4-4. N.J.S.A. 11:4-3. Comparable provisions for counties, municipalities and school districts are found in N.J.S.A. 11:9-1 et seq. N.J.S.A. 11:4-4, captioned "unclassified service," lists 21 categories of positions not within the classified service, covering elected offices, department heads, judges, members of the state military and naval services, and a wide and varied assortment of other officers and employees. The unclassified service of counties, municipalities and school districts is detailed in N.J.S.A. 11:22-2. With the exception of subparagraph (u) of section 4, none of the positions or offices listed therein is applicable to State Police troopers. Subparagraph (u) encompasses
Such other offices and positions not now included in the unclassified service by this section or by any other statute, as the Civil Service Commission shall, from time to time, determine, according to law, to be in the unclassified service. [Emphasis supplied]
*509 Defendants contend that members of the State Police are included in the unclassified service by virtue of this subparagraph. More specifically, they argue that the clear intent of the statute creating the Division of State Police is to exclude its members from the classified service. As a consequence, such members are not subject to any of the provisions of the Civil Service Law, including those pertaining to competitive promotional examinations.
Plaintiffs' reasoning, on the other hand, is that N.J.S.A. 11:4-3 includes in the category of classified service all state employees unless otherwise specifically excluded, and that neither N.J.S.A. 11:4-4 (u) nor the State Police statute explicity excludes troopers from that category. They further contend that the Civil Service Commission has not placed troopers in the unclassified service by administrative determination. Moreover, they say, even if members of the State Police are in the unclassified service, they are, nevertheless, entitled to competitive promotional examinations.
The last point is without merit. A state employee cannot be in the classified service for one purpose and in the unclassified service for another. If he is in the classified service, he is entitled to the security and benefits provided by the act, including those relating to promotions. If he is in the unclassified service, as listed in N.J.S.A. 11:4-4, he is not. See Walsh v. Dept. of Civil Service, 32 N.J. Super. 39, 43 (App. Div. 1954).
Unless members of the State Police are in the unclassified service by virtue of subparagraph (u) of N.J.S.A. 11:4-4, or by any other statute, they would have to be in the classified service. It is a fact that they do not come within any of the specific positions listed, and admittedly there has been no administrative determination by the Civil Service Commission that they should be placed in the unclassified service. One must, therefore, look at the statute creating the Division to ascertain whether members of the State Police are in the unclassified service.
*510 Officers and troopers in the Division are appointed and reappointed by the Superintendent. N.J.S.A. 53:1-8. No person can be appointed a member of the State Police unless he has taken an examination conducted by the Division and established, to the satisfaction of the Superintendent, evidence of his mental and physical fitness and ability to perform the duties of a member of the State Police. N.J.S.A. 53:1-9. The examination and enlistment of applicants is arranged by the Superintendent, with the approval of the Governor. Ibid. It is a misdemeanor for a person to withdraw voluntarily from the State Police force without the consent of the Superintendent. N.J.S.A. 53:1-11. Although the statute does not explicitly deal with the subject of promotion, it provides, nevertheless, that the rank and grade of any member of the State Police may be changed from time to time, notwithstanding any other provision of law.
It is evident that the structure of the State Police force does not fit within the concept of the Civil Service Act. The officers and men are not subject to any position classification plan approved and published by the Civil Service Commission. There are no provisions for the establishment of employment lists, the testing of applicants, or the filling of vacancies in higher positions under the aegis of the Civil Service Commission. The unique nature of the Division is well described in the case of In re Bernaducci, 85 N.J. Super. 152 (App. Div. 1964):
Here we deal with the Division of State Police, a state agency (as the Attorney General points out) somewhat akin to a branch of the armed services, in which applicants enlist and agree to be members and abide by the Division regulations and discipline 24 hours a day during their tenure. The Legislature has given the Superintendent, subject only to the approval of the Governor, the right and duty to make all rules and regulations for the discipline and control of the State Police. R.S. 53:1-10 N.J.S.A. The Superintendent has power to appoint troopers and officers and to remove them  all without reference to standards except that removal shall be after charges preferred and a hearing granted. R.S. 53:1-8. * * * *511 Our examination of the rules and regulations promulgated by the Superintendent fully illustrates the quasi-military nature of the State Police and the absolute discretion delegated to the Superintendent in administering the Division subject only to the Governor's approval. [at 154-155]
The legislative design to exclude members of the State Police from the classified service of the Civil Service is clear. If the Legislative had intended otherwise, such comprehensive powers would not have been given to the Superintendent of the Division. This conclusion is strengthened by the fact that the State Police statute expressly directs that the "present civilian employees of the State Bureau of Identification shall be placed by the Civil Service Commission in the classified service." N.J.S.A. 53:1-12. Similar provision is made for civilian cooks and cook's helpers, N.J.S.A. 53:1-24; clerks, bookkeepers, stenographers, telephone operators and other specialists, N.J.S.A. 53:1-25; and teletype operators, N.J.S.A. 53-3-9. The care taken to assure civil service rights for civilian employees emphasizes the deliberate Legislative purpose not to do so in the case of State Police personnel.
It should be noted that the Civil Service Commission considers members of the State Police to be in the unclassified service. See "State of New Jersey Compensation Plan  An Alphabetical Listing of Class Titles and Ranges, June 28, 1969," at 103. In an affidavit on file in these proceedings, John J. Farrell, Chief Examiner and Secretary of the New Jersey State Civil Service Commission, states that for many years
* * * the Division of State Police uniform personnel have been listed in the unclassified service. In addition, the original entrance examination for uniform personnel is not conducted by the Civil Service Commission nor are any of these Civil Service rules and regulations binding upon uniform personnel in that they are and have been in the unclassified service.
Mr. Farrell's comments, of course, are not conclusive. But his apparent interpretation of the statute, coupled with the *512 implicit recognition in the state compensation plan that members of the State Police are in the unclassified service, should not be brushed aside. A long-continued practical interpretation given by an agency to the statute which it is required to administer, is entitled to considerable weight in determining the legislative intent. In re Gillmore, 101 N.J. Super. 77, 85 (App. Div. 1968).
It is the conclusion of the court that members of the State Police are in the unclassified service; consequently they are not entitled to have vacancies in higher ranks filled by competitive promotional examinations. The result reached is buttressed by the recent case of Atlantic Community College v. Civil Service Comm'n, 59 N.J. 102 (1971), in which our Supreme Court dealt with the issue of whether nonprofessional and noninstructional employees of county community colleges in counties that have adopted civil service are subject to the Civil Service Law. The Civil Service Commission had ruled that such employees were subject to the law, and it now argued, among other things, that "the Legislature has not spoken on the subject and that the County College Law is silent on the question of whether Civil Service applies to the employees of county colleges." The court rejected the argument and held that although there was no specific mention of Civil Service in the law governing county colleges, "the statute dealing with the employees involved is wholly incompatible with Civil Service and shows a legislative intent to preclude application of Title 11." The statute, the court noted, gave the college board of trustees power to appoint such employees and fix and determine their qualifications, duties, compensation, terms of office and all other conditions and terms of employment and retention. The court said that these are the very subjects with which Civil Service deals and are in direct conflict with the powers granted to the Civil Service Commission. The court stated further:
*513 It is impossible to reconcile these Civil Service powers granted to the Civil Service Commission with the powers granted to the board of trustees in N.J.S.A. 18A:64A-12(g). If the Legislature had intended the nonprofessional and noninstructional employees of county colleges to be under Civil Service, we are convinced it would not have given to the college board of trustees such comprehensive powers over its personnel. Since the County College Law was enacted subsequent to the Civil Service Law and is in conflict with it, we can only conclude that the Legislature meant to exclude county college employees from Civil Service. See State v. Parking Authority of the City of Trenton, supra, 29 N.J. Super. 335, at 339. That the Legislature did not specifically mention Title 11 in the County College Law can hardly be deemed silence on the subject in view of the broad powers granted to the board of trustees under subsection (g).
We regard the legislative intent manifested in the County College Law as conclusive of this case. This is so regardless of whether a county college is an agency of the county or not. While we do not believe it is, we see no reason why the Legislature cannot exempt parts of county government if it so chooses. Despite respondent's suggestion to the contrary, there is nothing in our Constitution which prohibits the Legislature from so acting.
The rationale of the foregoing decision is applicable to the case now before the court.
Judgment will be entered dismissing the complaint.