SAMUEL R. TOWNSEND *vs.* JOHN M. WAY.

A magistrate may maintain an action against a judgment creditor to recover fees for services rendered in taking a recognizance and attending the examination of a judgment debtor on his application to take the poor debtors' oath, if the same are not paid in advance; and the invalidity of the recognizance cannot be shown in defence, if the debtor appeared and submitted to an examination on the day assigned therefor, and was discharged.

CONTRACT brought by the justice of the police court of Taunton to recover five dollars as fees for taking the recognizance and attending the examination of a judgment debtor, arrested on execution, who made application to take the poor debtors' oath.

At the trial in the superior court, there was evidence tending to prove the following facts: The defendant, who was the judgment creditor, sent his execution to one Alden, a deputy sheriff of Plymouth county, with a letter as follows: " Please take the directions in the matter of this execution from Mr. Allen, and charge me for your trouble." Two days after the date of the letter, a deputy sheriff of Bristol county brought the judgment debtor, who had been arrested on the execution, before the plaintiff, and Allen came with them, and the letter was exhibited, and the judgment debtor desired to take the oath for the relief

21 *

of poor debtors, and the plaintiff, after consultation with Allen, assigned a day for the examination, took a recognizance from the debtor with a surety, against the form of which certain objections were urged which are now immaterial, and issued a notice to the creditor. After this had been done, the plaintiff demanded of Allen payment of his fees, which was refused. On the day assigned, an examination was had, and, no one appearing in behalf of the creditor, the oath was administered, and the debtor discharged. On this evidence, it being agreed that the defendant's liability resulted, if at all, solely from the provisions of the statute, and not from any promise, *Morton*, J. ruled that the plaintiff was not entitled to recover, and a verdict was returned for the defendant. The plaintiff alleged exceptions.

*S. R. Townsend, pro se.*

*J. M. Way, pro se.*

BIGELOW, C. J. The creditor, under the provisions in *St.* 1857, *c.* 141, § 29, was legally liable for the fees of the magistrate. There was evidence to show that the plaintiff was employed to render the services for which he now seeks compensation by the duly authorized agent of the defendant. The right given to the magistrate to demand payment of his fees in advance does not exclude him from a remedy to recover them if he renders the services at the request of the creditor without exacting prepayment.

The alleged defect in the recognizance is wholly immaterial in this action. The defendant suffered no loss or injury in consequence of the supposed defect. The debtor appeared, submitted to an examination, and was allowed to take the oath, which entitled him to a discharge. The defendant has therefore had the full benefit of the services rendered by the plaintiff.

*Exceptions sustained*