The opinion of the court was delivered by
Valentine, J.:
This was an action brought by E. S. Be-dilion against the board of county commissioners of Cowley county, for fees due- to him as clerk of the district court in a criminal action in which the state of Kansas was plaintiff and Major F. Moss was defendant. The case was tried in the district court by the court, without a jury, and the court decided that the county of Cowley was not liable for the costs, and therefore rendered judgment in favor of the defendant and against the plaintiff; and the plaintiff, as plaintiff in error, brings the case to this court for review.
Counsel for plaintiff states that “ the sole question at issue in this case is, whether under the statutes of this state the ■ county is liable to the clerk and sheriff for fees for services rendered by them in criminal actions wherein the county at *593 torney enters a nolle prosequi, and thus causes the action to be dismissed without any order or judgment of the court concerning costs in the case being made or rendered therein.”
Counsel for defendant states the question as follows: “The question in this case-is the construction of § 1, ch. 108, Laws of 1881. Does this section provide for the payment by the county of clerk’s fees in criminal cases when neither the prosecuting witness nor defendant is adjudged to pay the costs?” Section 1, ch. 108, of the Laws of 1881, is §.19, ch. 39, of the Laws of 1868, (Comp. Laws of 1879, p. 446,) as amended in 1881. Said §19, as amended in 1881, reads as follows:
“Sec. 19. In all cases where the fées prescribed, by this act in criminal cases for the sheriff, clerk, constable, justices of the peace, witnesses for the state, and jurors, are not paid by the defendant or the prosecuting witness, they shall be paid by the county in which the criminal prosecution is instituted: Provided, That no such fees shall be paid by the board of county commissioners until the sheriff shall have filed his ■affidavit that said fees cannot be collected from any other source.”
It appeal’s from the briefs of counsel, that the defendant claims and that the court below held, that the county is liable for the fees of the clerk of the district court in criminal cases only, where a judgment for costs has been rendered against the defendant in the criminal action, or the prosecuting witness, and where such fees cannot be collected from the defendant or the prosecuting witness; and that the county is never liable for such fees, where no judgment has been rendered against either the defendant or the prosecuting witness. On the other hand, the plaintiff claims that the county is liable for such fees in all cases where they “cannot be collected from any other source,” and that it makes no difference whether a judgment has been rendered against the defendant or the prosecuting witness in the-criminal, action, or not.
We think the interpretation given to the section by the plaintiff is the correct one. We think that the legislature intended that the clerk should in all criminal prosecutions receive his fees for the services performed by him; but that he *594 should not receive such fees from the county until every other means of collecting them had been exhausted. In the present case, where a nolle prosequi was entered and no judgment rendered against either the defendant or the prosecuting witness, we think the clerk of the district court was entitled to his fees as soon as the proper fee-bill and -affidavit were made and presented to the board of county commissioners. It is admitted in this case that everything of a merely formal character necessary to be done in order to make the county liable, has been done, and that the only question now presented is, whether the county may, in any criminal case, under any circumstances, be liable for clerk’s fees, where no judgment has been rendered for either fees or costs, against either the defendant or the prosecuting witness, or against any other person. This question, as before stated, must be decided in the affirmative; and therefore the judgment of the court below will be reversed, and the cause remanded for further proceedings.
All the Justices concurring.