# WHEELING.

## JOHNSON v. MACCOY.

Submitted June 6, 1889.—Decided June 26, 1889.

1. SUMMONS—REVERSAL OF JUDGMENT.

A summons issued by a justice in a civil suit is served by delivery of a copy to the defendant by a private individual, as shown by his affidavit. Defendant does not appear, and judgment is given against him. He then takes an appeal to the Circuit Court. In that court he moves to quash this return, on the ground that the person so serving had not been appointed a

special constable, and the court overrules the motion to quash. Defendant then makes full defence before a jury, and there is judgment upon the verdict against him for $107.85. Under. the facts of this case this Court will not reverse the judgment for the overruling of the motion to quash the return.

2. SUMMONS.

*Quœre,* can a summons issued by a justice be served by a credible person, though not an officer, he verifying his return by an affidavit ?

3. CLERK OF CIRCUIT COURT—FEES.

A clerk of à Circuit Court may maintain an action for his fees without first having placed them in an officer's hands and had them returned, "No property found."

*T. P. R. Brown* for plaintiff in error.

*J. Bassell* for defendant in error.

BRANNON, JUDGE :

Isaac V. Johnson brought an action before a justice in Barbour county against Benjamin MacCoy to recover money due by note and fee-bills in favor of Johnson as clerk of the Circuit Court of Barbour. MacCoy did not appear, and, judgment having been rendered against him, he took an appeal to the Circuit Court, where judgment was rendered against him, and he obtained this writ of error.

He assigns two errors only. The first is, that the court overruled his motion to quash the return of the service of the summons upon him. This service is shown by an affidavit made by W. T. Robinson "that he executed the within summons on the defendant, Benj. MacCoy, by delivering to him in person a true copy thereof on the 10th day of December, 1885." The assignment of errors argues, that there was no evidence, that Robinson had been appointed a special constable. I do not see that this argument has any force. He does not return it as special constable but makes affidavit of service. The Code, § 17, c. 50, provides, that process may be directed to a constable, and § 30 provides, that a special constable may be appointed to serve process, and the process may be directed to him; and § 32 provides, that process may be served on the defendant by delivering him a copy. Section 2, c. 124, provides, that process from any court may be served by any credible person, and his return may be verified by

affidavit; and section 1, c. 121, provides, that any notice may be served by any credible person.

It might with force be argued, that justice's process can be served not only by a constable or special constable but also by a credible person though not an officer; that the provision in the chapter relating to justices contemplating service of process by constables is only one method, and that the service by a credible person under said chapter 124 may also be resorted to; that these provisions all in the one Code are in furtherance of the remedy and ought to be liberally applied as a means to bring suits to hearing. A judgment may be had in the Circuit Court for any amount, however large, upon a service by any credible person verified by his affidavit; yet, as appellant contends, a judgment for a cent could not be rendered by a justice on a precisely similar service. This would be a singular anomaly, if true. The justice's statute does not in terms limit the service to constables. But we do not think it necessary to place our ruling on that ground. The object of service of process is to give a defendant notice of the suit. In this cause, if we may read the return, the defendant had the benefit of the best mode of service,—a delivery into his own hands of a copy of the summons. He next appears after judgment and takes an appeal; and thus it appears, he had notice of the suit. He then comes into court, appears in the suit, and moves the court to quash the return. Had the court quashed it, it would not have dismissed the suit, but simply awarded an *alias* summons to be the next moment served; for it would *not* have been sent to rules and served for what purpose? Simply to give him notice of the suit, which notice he already had. Upon the overruling of his motion to quash he asked no continuance, and a jury was sworn in the case, and the defendant availed himself of the proceeding to make a defence, has had a fair trial, and now asks this Court to reverse all these proceedings, not on a ground going to the merits, but on a dilatory, technical ground, and only to give him what he has already had,—another trial before a jury. This would seem to be sacrificing substance to a dry technicality. What injustice has been done the defendant by reason of this return? No injustice has been done the defendant, but sub-

stantial justice promoted by our ruling on this point. This doctrine may be too liberal for a formal suit in a Circuit Court, where upon a return quashed the cause is sent to rules for proceedings there, but this case was a case before a justice, and to it liberal rules both before the justice and court should be applied in a line to attain justice.

The second error assigned is, that the Circuit Court allowed the plaintiff to introduce and prove fee-bills due from the defendant to the plaintiff as clerk of the Circuit Court of Barbour county. The appellant bases his objection to the introduction and proof of these fee-bills on the ground, that they had never been placed in the hands of an officer for collection and had no return on them by an officer showing his inability to collect them; and he cites to support this position the case of *Craigen's Ex'x* v. *Lobb*, 12 Leigh, 627, in which the syllabus is: "Though no action lies for clerk's fees till they shall be put into an officer's hands for collection, and he has returned that they can not be levied by distress, yet the clerk may set them off against an action on his bond to the party from whom they are due." That decision was based on a statute in the Code of 1819 expressly providing, that no action shall be had or maintained for clerk's fees, unless the sheriff should return, that the person owing such fees had not sufficient property within his bailiwick. That statute has long since been repealed. No provision prohibiting action for clerk's fees until a return by an officer is now in our statute-law. Under the common-law he may sue for his fees, as any one else performing work and labor, and recover what the law prescribes for the particular services. The statute, which allows a clerk to issue and levy fee-bills, is only a cumulative remedy for speedy collection, and does not take away the right to the common law suit. The Code, c. 137, § 31, as found in Acts 1882, c. 129, in force, when this suit was brought, expressly recognizes the existence of, if it does not impliedly give, both remedies by suit and action, by the language: "No fee shall be collected by distress or suit after two years from the end of the year, in which the service was performed, that is charged therein, unless within two years before the institution of such proceeding it was returned by an officer, with such in-

dorsement thereon (properly dated) as is mentioned in the preceding section." The function of the latter clause is not to prohibit suit or distress in all cases, until there shall be a return of "No property found," but to save the right of collection notwithstanding the lapse of two years in cases, where within two years before the suit or distress the fee-bill had been so returned. The second assignment of error is not tenable.

The judgment is to be affirmed with damages and costs to appellant.

AFFIRMED.