Van Etten v. Selden.

---

EMMA L. VAN ETTEN V. DAVID J. SELDEN.

FILED FEBRUARY 1, 1893.    No. 4315.

1. Costs of Justice of the Peace: ITEMIZED STATEMENT: WAIVER.  Under section 32, chapter 28, Compiled Statutes, a justice of the peace before bringing suit for his fees must, when requested so to do, make and furnish the party for whom the services were rendered an itemized bill of his costs in order to maintain an action therefor.  Such statement may be waived by the party entitled thereto.

2. Costs of Constable: ITEMIZED STATEMENT UPON RETURN OF WRIT.  A constable is not entitled to fees for serving a writ placed in his hands, where he fails to return upon the process the particular items of his costs.

3. Review:  EVIDENCE examined, and the verdict of the jury *held* to be excessive, and the judgment reversed, unless defendant in error file a remittitur as stated in the opinion.

ERROR from the district court of Douglas county.  Tried below before WAKELEY, J.

*David Van Etten*, for plaintiff in error.

*A. S. Churchill, contra.*

17

NORVAL, J.

This action originated in a justice court. Subsequently it was appealed to the district court. The suit was instituted by David J. Selden to recover the sum of $12.15 alleged to be due him for fees in cases brought by plaintiff in error against different parties before said Selden, a justice of the peace. Of the above sum, $9.30 were claimed to be due for fees of the justice, and the remainder was for constable's costs, alleged to have been assigned to defendant in error. There was a verdict for the plaintiff in the district court for $9.30, and judgment was subsequently rendered thereon in his favor for said amount.

It is contended that there can be no recovery for the reason that no itemized statement of the fees sued for was ever presented or furnished the defendant.

Section 32, chapter 28, Compiled Statutes, declares that "it shall be lawful for any person to refuse payment of fees to any officer who will not make out a bill of particulars, signed by himself, if required, and also a receipt or discharge signed by him for fees paid."

It requires no argument to show that, under the foregoing provisions of the statute, it is necessary that an officer before bringing suit for his fees, when requested so to do, furnish the party for whom the services were rendered an itemized bill of his costs, in order to maintain an action therefor. A party indebted for fees may waive such itemized account.

The defendant in error testified that no itemized statement of costs was demanded by Mrs. Van Etten, nor any one for her, before suit was brought; that he mailed to her a bill of the costs which gave the gross amount of his fees, and that he likewise demanded payment of Mrs. Van Etten; that on the day of the trial of this cause in the justice court Mr. Van Etten requested a bill of items of the costs, to which Mr. Selden replied that he would furnish it, and

he then produced his dockets and showed him the various items of his fees therein charged; whereupon Mr. Van Etten assured him that that was entirely satisfactory. Although testimony was introduced by the defendant below tending to show that prior to the institution of the action Mr. Van Etten demanded an itemized account of the costs, and that the request was not complied with, the evidence in the record was ample to warrant the jury in finding that the making and furnishing of the itemized account of the costs were waived by the defendant.

The answer filed to the petition is in effect a general denial. The plaintiff in error failed to raise by her pleading the defense now insisted upon, that the plaintiff below failed or refused to make out and furnish a bill of particulars of his fees. This defense is unavailing.

As to the fees of Constable King, amounting to $2.85, which were assigned to Selden, there can be no recovery in this action, and the jury were so instructed, inasmuch as there is no proof in the record before us that the constable made return upon the writ placed in his hands for service, of the particular items of charges for fees for making such service. (Compiled Statutes, 1891, sec. 33, ch. 28.)

Complaint is made because the trial court refused to permit plaintiff in error to show that Selden was indebted to Mr. Van Etten in the sum of $10 for professional services rendered. The offered testimony was properly excluded. No counter-claim, offset, or payment was pleaded in the answer. If Selden owed Mr. Van Etten anything, the latter has his remedy. Such claim is not a proper offset in an action against Mrs. Van Etten.

An examination of the evidence discloses that the amount assessed by the jury is too large. The action is to recover costs made by Mrs. Van Etten in three cases commenced by her before defendant in error, in each of which she recovered judgment. In the suit against

Henry Jess, the justice's fees amounted to $2.05; in the case against F. L. Gillette, they were $2.60, and in the action against Robert J. Skiles, the total justice's fees charged are $4.10. The entire amount of fees in the three cases is $8.75, or fifty-five cents less than the amount found by the jury.

Again, in the Gillette case there is a charge of twenty-five cents for entering default, in addition to the statutory fee of fifty cents for rendering judgment. We are unable to find any law or authority permitting a justice of the peace to charge twenty-five cents or any other sum for entering the default of a party. The $4.10 in the Skiles case include an item of seventy cents for granting a continuance, while only fifty cents is allowed by law a justice for such services. Unless defendant in error files a remittitur for the sum of $1 with the clerk of this court within thirty days from the filing of this opinion, the judgment will be reversed, but in case such remittitur is filed within the time stated, the judgment will be affirmed for $8.30.

JUDGMENT ACCORDINGLY.

THE other judges concur.