### RILEY v. PAGAN.

(Supreme Court, Appellate Division, Second Department. July 11, 1898.)

JUSTICE OF THE PEACE—ACTION FOR FEES.

   The provision of Code Civ. Proc. § 3328, allowing a justice of the peace to exact prepayment of his fees for services rendered by him at the instance of the party to an action before him, is solely for his own protection, and his failure to avail himself of it does not preclude him from subsequently maintaining an action to recover the same.

Appeal from Westchester county court.

Action by William Riley against Hannah Pagan, executrix of John Pagan, deceased. From a judgment of the county court affirming a judgment of the city court dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and WOODWARD, JJ.

William Riley, in pro. per.
George W. Elkins, for respondent.

WILLARD BARTLETT, J. In 1895 the plaintiff was a justice of the peace in the city of Yonkers, and the defendant's testator, John Pagan, Sr., was sued in his court by a man named Nicholas Delaney. In the course of the litigation thus instituted the plaintiff, as such justice of the peace, rendered certain services at the instance of each

party. He has not been paid for the services which he rendered at the instance of Pagan, and he sought by this action to recover the fees prescribed for such services by the Code of Civil Procedure. In the city court of Yonkers his complaint was dismissed upon the merits, and the judgment thereupon entered has been affirmed by the county court of Westchester county. "A justice of the peace, or a constable, juror, or witness, before a justice of the peace, is not obliged to render any service specified in this title, without the previous payment or tender of his fee therefor." Code Civ. Proc. § 3328. The plaintiff did not exact the prepayment of his fees as a justice of the peace from either of the parties to the suit before him, and it seems to have been the opinion of the learned judge of the city court of Yonkers that his omission to compel the defendant to pay his share of such fees in advance constituted a waiver which precluded the plaintiff from subsequently maintaining an action to recover the amount thereof. In this view we cannot concur. The plain intent of the provisions of the Code relating to the fees of justices of the peace in civil actions before them is to impose the fees for the services of the justice upon the party for whom such services are rendered. Code Civ. Proc. § 3329. The fees should be paid by that party, but, if he does not comply with his obligations in this respect, the other party may pay them under the section cited, and recover the amount as a part of his costs. In the event of their nonpayment by either party, however, it would seem to be manifestly unjust to deprive the magistrate of all compensation whatever for his work, simply because he had been willing to proceed in the case without insisting upon being paid in advance. The provision which allows him to exact prepayment is solely for his own protection, and his failure to avail himself of it ought not to inure to his injury. Belappi v. Hovey, 90 Hun, 135, 35 N. Y. Supp. 624. A sheriff may sue for his fees in serving or executing process, or for any official services rendered in a civil action. Crock. Sher. (3d Ed.) p. 373; Hildreth v. Ellice, 1 Caines, 192; Adams v. Hopkins, 5 Johns. 252. So, also, a referee who has not been paid by the party who ought to pay him may file his report himself, and maintain an action for his fees. Little v. Lynch, 99 N. Y. 112, 1 N. E. 312. It seems equally plain that a justice of the peace may maintain an action to recover the amount of his statutory fees against the party who is liable under the law to pay them. It follows that the judgments of the county court of Westchester county and of the city court of Yonkers must be reversed. In directing this reversal, however, we must not be understood as holding that the plaintiff is entitled to recover all the items of his claim as set out in the complaint. Under no circumstances is the defendant here liable for any fees in the action in the justice's court which were rendered at the instance of the plaintiff in that action. She is liable only for the services which were rendered at the instance of the decedent whom she represents.

Judgments reversed, and new trial granted; costs to abide the event. All concur.