### RILEY v. PAGAN.

(Supreme Court, Appellate Division, Second Department. October 20, 1899.)

COSTS—FEES OF JUSTICE—LIABILITY OF DEFENDANT WHO RECOVERS JUDGMENT.

    A defendant in whose favor a justice of the peace renders judgment dismissing the complaint and for costs, which, under Code Civ. Proc. § 3074, consist of the "fees allowed by law for services necessarily rendered in the action at the request of the party entitled to costs, or paid by him as prescribed by law," is liable to the justice for such costs, other than those paid by him, where they are not collected from the plaintiff, and the fees for entering the judgment and for swearing witnesses for the defendant are properly included as for services rendered at defendant's request.

Appeal from Westchester county court.

Action by William Riley against Hannah Pagan, as executrix of the will of John Pagan, Sr., deceased. Plaintiff appeals from an

order of the county court reversing a judgment of the city court of Yonkers. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William Riley, in pro. per.
James M. Hunt, ior respondent.

WOODWARD, J. Upon a former appeal (Riley v. Pagan, 32 App. Div. 274, 52 N. Y. Supp. 980), this court held that the plaintiff might maintain an action at law to recover his fees as a justice of the peace for services rendered at the request of the defendant's testator, without indicating what particular services were so rendered. The case has been retried, the city court of Yonkers finding in favor of the plaintiff in the sum of $1.10, with costs, bringing the judgment up to $152.48. This judgment was appealed from to the county court of Westchester county, where the judgment was reversed, without granting a new trial; the court holding that none of the services were rendered to the defendant's testator at his request. In this we are of opinion that the court below is in error, and that the order reversing the judgment of the city court should be reversed.

Nicholas Delaney brought an action against John Pagan, Sr., before a justice of the peace of the city of Yonkers, in 1895. On the return day, the hour being set for 2 o'clock, the defendant appeared and asked to have the case adjourned to a later hour in the day. This was done without joining issue, and at 7 o'clock the parties met and issue was joined, the trial proceeding to judgment without objection, so far as we are informed. The justice before whom the case was tried without a jury decided in favor of the defendant's testator, and he thus became entitled to a judgment dismissing the complaint, with costs, which "consist of the fees allowed by law for services necessarily rendered in the action at the request of the party entitled to costs, or paid by him as prescribed by law," and these costs "must be included in the judgment." Code Civ. Proc. § 3074. The law contemplates that the party who is entitled to judgment shall not be put to the expense of the proceeding for the protection or the assertion of his rights, and as justices of the peace, constables, etc., are not obliged to perform any services unless their statutory fees are paid in advance (Code, § 3328), it is provided by section 3329 of the Code of Civil Procedure that, "in actions before a justice of the peace, if any services are rendered for a party, and he neglects to pay the fees allowed therefor by law, the other party may pay those fees, and the amount thereof must be taxed as part of his costs, if he recovers costs." Delaney did not pay the costs which he had incurred in bringing the action, nor did Pagan pay them in his behalf, and they were not, therefore, we may assume, included in the original judgment for costs. But whether they were or not is not material. The statute points out a method by which the successful party in a litigation may recover all of the statutory costs, both of himself and his opponent,

and because defendant's testator failed to avail himself of this provision of law is no good reason why the plaintiff in this action should be deprived of all his fees. When defendant's testator secured the judgment against the plaintiff in that action, which was a bar to any further litigation upon the issues before the court, he had the option of having the plaintiff pay his portion of the costs, or of paying them himself and taking judgment for the amount; and, judgment having been rendered for the costs, we are of opinion that the defendant's testator became liable to the trial justice for the "fees allowed by law for services necessarily rendered in the action, at the request of the party entitled to costs, or paid by him, as prescribed by law." While it is probably true that the plaintiff is not entitled to recover the fees in this action which were properly a charge against Delaney, and which Pagan did not pay and cause to be included in the judgment dismissing the complaint, we think it is clear that the law contemplates that the fees are to be paid in advance by both parties, the successful party being reimbursed by the judgment for costs. The defendant's testator recovered a judgment for costs amounting to $3.55. This judgment was rendered upon the theory, not that the defendant was entitled to damages or other compensation for the trouble of determining the litigation, but that he had expended this amount in statutory fees for services necessarily rendered in the action. These costs belonged to him only upon the theory that he had been to the expense represented by the judgment in defending his rights, and the justice who conducted the trial, without exacting his fees in advance, had an equitable right to the costs, assuming them to have been properly assessed. While it may be urged with plausibility that a man who is brought into court to answer for a debt which he does not owe cannot be said to ask for a trial, we are convinced that the defendant, who is protected by the judgment from further annoyance, and whose statutory costs are reimbursed by the judgment, cannot be said to be in such a position of indifference that he may not be said to have asked for the service which has been rendered, and we are equally clear that the defendant is properly chargeable with the fee for entering judgment. It may be said of the fee, for swearing a witness, that it is an incident of the trial, and is included in that fee; but, if this is the true construction of the law, then a trial which involved taking the evidence of a large number of witnesses, involving days of time, would result in no more of compensation to the trial justice than one which required merely the swearing of the parties. We think the fee for swearing the witness was properly allowed by the trial court, and that the order of the county court reversing the judgment of the city court of Yonkers should be reversed, and the judgment of the city court should be affirmed, with costs. All concur.