### H. B. CONLON v. H. K. HOLSTE.[1]

December 21, 1906.

Nos. 14,920—(112).

**Justice of Peace.**

A justice of the peace, after he has rendered judgment in a case, may recover his unpaid fees in an action upon an implied contract.

**Action for Fees.**

In this case, judgment rendered in the justice court against plaintiff was affirmed on appeal to the district court. No judgment was in fact entered because the plaintiff in the original suit settled with the defendant in that suit, and retained the fees of the justice in the sum fixed by the order of the district court. It is *held* that the justice could recover such amount from the plaintiff in the original suit in an action on implied contract.

Appeal by defendant from a judgment of the district court for Scott county, entered pursuant to the findings and order of Morrison, J. Affirmed.

*F. C. Irwin,* for appellant.
*W. N. Southworth,* for respondent.

[1]Reported in 110 N. W. 2.

JAGGARD, J.

Plaintiff and respondent, a justice of the peace, brought an action to recover his official fees from defendant and appellant, whom the complaint set forth was an administrator of an estate. The administrator had previously commenced an action in unlawful detainer to recover possession of certain property of the estate leased to one Bruna. The justice, on January 13, 1904, rendered judgment for Bruna. An appeal was taken to the district court by the administrator. The district court entered an order affirming the judgment of the justice court, but reduced the fees to $31.50. No judgment was ever entered in the district court, because the administrator "went to said William Bruna and settled up his costs and disbursements, and kept and retained the sum of $31.50, the fees of said plaintiff." These facts are found by the court in this case and are fully sustained by the record before us and especially by the stipulation of the parties. This appeal was taken from the judgment entered pursuant to these findings.

That a justice of the peace is legally entitled to his fees there is no dispute. Section 5558, G. S. 1894. It is equally plain that he may maintain an action to recover the amount of his statutory fees against the proper party under the law to pay them. Riley v. Pagan, 32 App. Div. 274, 52 N. Y. Supp. 980. And see Van Etten v. Selden, 36 Neb. 209, 54 N. W. 261. The fact that the justice might have demanded payment of his fees in advance does not exclude him from such a remedy. Riley v. Pagan, supra; Townsend v. Way, 85 Mass. 245. The officer performs the services under an implied contract to receive payment at the end of the suit. Pending the action, he is not entitled to recover. Lyon v. McManus, 4 Binn. 167, per Tilghman, C. J., page 169. The suit is terminated in this sense upon the rendition of the judgment in the justice court. Harris v. Christian, 10 Pa. St. 233; cf. Craigen v. Lobb, 12 Leigh, 627; Bedilion v. Board, 27 Kan. 592. An action of assumpsit will lie on the implied contract for their recovery. Lyon v. McManus, supra. And see South v. Bradley, 84 Ala. 468, 4 South. 611. Indeed, in Harris v. Christian, supra, it was expressly held "that the costs may be recovered on a declaration for work and labor done, and goods sold and delivered," and that "no injury can result to the defendant from the generality of the counts, as he may have a bill of particulars on demand." And see Johnson v. MacCoy, 32 W.

Va. 552, 9 S. E. 887. The extent of the recovery by the justice is the amount prescribed by the law for the particular services. Johnson v. MacCoy, supra. It is not material to the right of recovery whether the implied contract be regarded as a real contract based upon the actual although unexpressed intention of the parties, or as a quasi contract based upon the doctrine that no one should be allowed to enrich himself unjustly at the expense of another. Keener, Quasi Cont. 16. The practical justice of making the defendant disgorge in the present case is obvious.

From this point of view it is not material that the action was brought against the defendant by name, although the complaint charges a liability by him as an administrator. See section 5509, G. S. 1894; Lough v. Flaherty, 29 Minn. 297, 13 N. W. 131.

Judgment affirmed.