P. O. DUNCAN *v.* HARRY A. NORRIS *et al.*

(No. 7979)

Submitted September 25, 1934. Decided October 2, 1934.

*Thomas West,* for plaintiff in error.
*A. M. Foose,* for defendant in error.

LITZ, JUDGE:

Respondent, Harry A. Norris, complains of an order of the common pleas court of Cabell County (to which the circuit court thereof refused a writ of error), awarding a writ of prohibition, inhibiting him and respondents, Dan Rice, as a justice of the peace, and L. H. Totten, as constable, from enforcing a judgment of $7.75 and costs recovered by Norris against the relator, Duncan, before Rice as justice of the peace, and upon which an execution has been issued and delivered to Totten, as constable, for collection. The writ of prohibition was awarded upon the petition of relator showing merely that the action be-

fore Rice was brought by Norris for costs due him by Duncan in an action formerly instituted before Norris, as a justice, by Duncan against one G. L. Harmon, wherein Duncan recovered judgment against Harmon, which was affirmed on appeal to the common pleas court of Cabell County.

Sections 3 and 4, Article 17, Chapter 50 (Code 1931) provide: (Sec. 3) "Except where it is otherwise provided, the fee bills of justices and constables shall be chargeable to the persons at whose instance or request the services were rendered. Such officers may issue their fee bills against the person so chargeable and place them in the hands of any constable of the county in which the persons against whom they are issued, respectively, reside. The officer collecting the same may retain for his compensation ten per cent of the amount collected and paid over to the officer entitled thereto."

(Sec. 4) "If any justice or constable shall, knowingly and with intent to defraud, issue a fee bill for any service against any person not chargeable therewith, or for a greater amount than the law allows, or, if any justice or constable shall collect a fee from any person without first presenting to such person a fee bill therefor, he shall pay to the person against whom the same is issued, or to the person from whom such collection is made, as the case may be, four times the amount so unlawfully charged, which may be recovered by such person before any court or any justice, not interested, having jurisdiction. He shall be also liable to indictment for a misdemeanor, and, upon conviction thereof, shall be fined not less than ten nor more than fifty dollars, and imprisoned, at the discretion of the court, not to exceed thirty days."

It does not appear upon what theory the trial court granted the writ of prohibition. Counsel for relator apparently relies upon the theory that Norris should have issued a fee bill for his cost. Norris had ceased to be a justice at the time the action was instituted, and, if the issuance of a fee bill had been prerequisite to jurisdiction for the action, the petition for the writ of prohibi-

tion fails to charge the omission of that step. The evident purpose of section 4 of the statute was to afford a means of checking up on the private collection of illegal fees by justices and constables. A justice could recover his fees, by an action, at common law. *Conlon* v. *Holste,* (Minn.) 110 N. W. 2, and annotation, 9 A. & E. Ann. Cases 372.

As it does not appear that the judgment sought to be prohibited was rendered without jurisdiction, the order complained of is reversed and the petition of the relator dismissed. The remedy by prohibition is appropriate only in cases involving usurpation or abuse of jurisdiction or power. 19 R. C. L., page 19.

*Reversed and dismissed.*