91 N.J. Super. 317 (1966)
220 A.2d 200
CHARLES R. HENK, PETITIONER-RESPONDENT,
v.
EASTERN AIR TAXI INC., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 9, 1966.
Decided June 6, 1966.
*318 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. John W. Taylor argued the cause for appellant.
Mr. Benjamin Edelstein argued the cause for respondent (Messrs. Edelstein & Edelstein, attorneys).
PER CURIAM.
Respondent Eastern Air Taxi Inc. (Air Taxi) appeals from a County Court judgment affirming an award granted to petitioner Charles R. Henk by the Division of Workmen's Compensation. The happening of the accident and the resulting injuries sustained by Henk are not in dispute. The single issue raised is whether petitioner was an employee of Air Taxi within the intendment of N.J.S.A. 34:15-36. The statute defines "employee" as "synonymous with servant, and includes all natural persons, including officers of corporations, who perform service for an employer for financial consideration, * * *."
Air Taxi is engaged in a 24-hour-day operation providing charter flights transporting passengers and freight from Monmouth County Airport to New York airports. Petitioner was president and manager of Air Taxi and was one of its pilots. There were three other employees. Henk owned all but two shares of the corporate stock. He was "kept on the books at $100 a week but due to financial problems in the company had not received this salary in cash."
It is undisputed that if the work performed by Henk at the time of the accident had been performed by an ordinary employee, that employee would be entitled to workmen's compensation for the injuries received. It is settled law in *319 our State that when corporate officers perform work which, if performed by anyone else, would confer employee status for the purposes of the Workmen's Compensation Act, the officers have that status. Mahoney v. Nitroform Co., Inc., 20 N.J. 499, 504 (1956). The theory behind this proposition is that the corporate employer is an entity quite apart from that of its shareholders or officers. Goldmann v. Johanna Farms, Inc., 26 N.J. Super. 550, 556 (Cty. Ct. 1953).
However, Air Taxi (through its insurance carrier) argues that since Henk was its sole stockholder, except for two shares held by others, we should pierce the corporate veil and consider Henk to be an employer not entitled to workmen's compensation, because for all practical purposes he was the corporation due to his sole and absolute control over its affairs.
We disagree. While New Jersey courts have never been directly confronted with a request to pierce the corporate veil where the injured petitioner was, in a practical sense, the sole stockholder of the employing corporation, the clear implication of our cases is that absent some showing that the corporate entity has been used to accomplish an injust, wrongful or fraudulent purpose, workmen's compensation benefits will not be denied. Goldmann v. Johanna Farms, Inc., supra, pp. 558-559; Mahoney v. Nitroform Co., Inc., supra, p. 505; Johnson v. U.S. Life Ins. Co., 74 N.J. Super. 343, 351 (App. Div. 1962).
The authorities are not in agreement on whether a principal stockholder is to be considered an employee for the purposes of workmen's compensation acts. See Annotation "Workmen's Compensation  Interest in Business," 81 A.L.R. 644 (1932); 15 A.L.R. 1788 (1921). However, the majority view, recognizing the liberal construction which is afforded workmen's compensation acts, holds there is no valid reason to deny the owner of a one-man corporation its benefits. See Stotts v. State Compensation Director, 140 S.E.2d 604 (W. Va. Sup. App. Ct. 1965); Claude H. Wolfe, Inc. v. Wolfe, 154 Fla. 633, 18 So.2d 535 (Sup. Ct. 1944); Fruit *320 Boat Market v. Industrial Commission, 264 Wis. 304, 58 N.W.2d 689 (Sup. Ct. 1953); Hirsch v. Hirsch Bros., 97 N.H. 480, 92 A.2d 402 (Sup. Ct. 1952); Kuehnl v. Industrial Commission of Ohio, 136 Ohio St. 313, 25 N.E.2d 682 (Sup. Ct. 1940).
In Gottlieb v. Arrow Door Company, 364 Mich. 450, 110 N.W.2d 767 (Sup. Ct. 1961), the injured person was the sole stockholder, president and treasurer of the corporation. In response to the alter ego argument the court held that there was no justification for piercing the corporate veil, absent fraud, sham or other improper use and that public policy does not oppose a one-man corporation. The court said:
"In the smaller corporations the line between manager and workman is blurred, and in the one-man corporation of the most limited type impossible to draw. Yet in these enterprises, we find the very persons who are in need of the protection of the Act, since the hazards of production are shared personally by them just as they are by those on the assembly lines of the large corporations." (110 N.W.2d, at p. 769)
Having in mind the liberal construction accorded our Workmen's Compensation Law, we conclude that petitioner must be considered an employee eligible for workmen's compensation benefits notwithstanding his dominance of the corporation.
Affirmed.