147 N.J. Super. 308 (1977)
371 A.2d 304
BARBARA K. SELTZER. PLAINTIFF-APPELLANT,
v.
ROBERT JEROME ISAACSON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 25, 1977.
Decided February 18, 1977.
*310 Before Judges MATTHEWS, SEIDMAN and HORN.
Ms. Kathleen R. Wall argued the cause for appellant (Mr. Alan C. Sugarman, attorney).
*311 Mr. Michael D. Schottland argued the cause for respondent (Messrs. Chamlin, Schottland, Rosen & Cavanagh, attorneys; Mr. Thomas W. Cavanagh, Jr., on the brief).
The opinion of the court was delivered by SEIDMAN, J.A.D.
Plaintiff sued defendant Robert Jerome Isaacson, a dentist, to recover compensatory and punitive damages for an assault and battery which he allegedly committed upon her on October 9, 1973 while she was engaged in the performance of her duties as a dental assistant in his office. Defendant moved for summary judgment on the ground that since plaintiff had previously filed a worker's compensation petition naming him as respondent, and had recovered an award for temporary and permanent partial disability for the injuries allegedly sustained during the incident in question, she had made an election of remedies and was barred from proceeding with this action. The trial judge granted the motion and plaintiff appealed the resultant judgment.
Preliminarily, we dispose of defendant's contention, which has merit, that the appeal is out of time, having been filed more than 45 days after the entry of the summary judgment. Although plaintiff moved unsuccessfully in the interim for "an Order granting reargument" and to permit the filing of a second amended complaint, and also to vacate the judgment, such motion does not toll the running of the time for taking an appeal. R. 2:4-3(e); cf. Camden Lime Co. v. Borek, 63 N.J. Super. 174, 181 (App. Div. 1960). Moreover, defendant filed a counterclaim against plaintiff which apparently remains undisposed. It would seem that the judgment appealed from may therefore be interlocutory. Nevertheless, it is a fact that the appeal was out of time by only nine days, so that an extension could have been granted by us upon timely application therefor under R. 2:4-4. Additionally, since the issues have been fully briefed, we perceive no sound reason for delaying their resolution even *312 though the appeal may be premature. We shall, therefore, deal with the appeal on its merits.
Plaintiff contends that the granting of defendant's motion for summary judgment constituted reversible error. Her theory appears to be bottomed on the fact, not disputed, that Dr. Isaacson is and at the time of the alleged incident was engaged in the practice of dentistry as a professional association under N.J.S.A. 14A:17-1 et seq. She advances the argument that although the compensation proceedings were brought against Robert Jerome Isaacson, without any corporate designation, the compensation insurance policy was in the name of the professional association and the judgment was actually obtained against it as the real party in interest and not the individual. She contends that a "serious material issue of fact" was raised, namely, that "the Workmen's Compensation Judgment included a misnomer which plaintiff was attempting to correct." She argues, further, that the issue of an intentional tort was never raised in the compensation proceedings and should not be barred now by the doctrine of res judicata. Finally, she maintains that the case fits "within the specific confines of N.J.S.A. 34:15-8 and is distinguishable from cases where the injury is based on the negligence of the employer"; that although she recovered a judgment against the corporate entity, she did not surrender her right against the "precipitator of the intentional wrong," who may not claim any bar to an action resulting from his assault. We find no merit whatever in any of these contentions.
We recognize the thoroughly settled principles of law that summary judgments are to be granted with extreme caution, Ruvolo v. American Gas. Co., 39 N.J. 490, 499 (1963), and that on a motion for summary judgment, it is the movant's burden to exclude any reasonable doubt as to the existence of any genuine issue of material fact and all inference of doubt are drawn against the movant in favor of the opponent. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 74 (1954). Only when it is palpably disclosed *313 that there is no genuine issue of fact and the movant is entitled to a judgment as a matter of law should such motion be granted. United Advertising Corp. v. Metuchen, 35 N.J. 193, 196 (1961). But our review of the record here completely satisfies us that no genuine issue of fact existed and that the trial judge correctly granted the motion for summary judgment.
The purpose of the Workers' Compensation Act, with respect to the employer-employee relationship, was to substitute for common law redress in personal injury tort cases or for the statutory wrongful death action a method of compensation for the injury or death of an employee, irrespective of the fault of the employer or the contributory negligence and assumption of risk of the employee. United States Cas. Co. v. Hercules Powder Co., 4 N.J. 157, 163 (1950). The employer gives up common law defenses to negligence suits and assumes an absolute liability to provide compensation; in return, he is granted immunity from common law negligence suits by his employees. Wilson v. Faull, 27 N.J. 105, 116 (1958).
Plaintiff asserts, however, that the alleged assault and battery upon her constituted an intentional wrong which entitled her to pursue her common law remedy irrespective of the statute. It is true, of course, that where an injury or the circumstances of its occurrence do not come within the statute, a common law suit for damages is not barred by it. Imre v. Riegel Paper Corp., 43 N.J. Super. 289, 294 (App. Div. 1957), rev'd on other grounds 24 N.J. 438 (1957). Moreover, the statute itself contains exceptions which allow the pursuit of relief aliunde the statute, such as in certain cases involving the employment of minors. N.J.S.A. 34:15-10, or in the case of intentional wrongs committed by persons in the same employ.
Although plaintiff relies for her cause of action upon an alleged intentional wrong, it is not clear whether her theory is that the tort was committed by her employer, the professional association, acting through its alter ego, Dr. Isaacson, *314 individually, or by Dr. Isaacson as a person in the same employ.
If the latter, it is doubtful that a principal member of a professional association, especially in the case of a sole practitioner, as was Dr. Isaacson, can be deemed an employee of the association for the purpose involved here. While ordinarily a corporate employer is an entity separate and apart from that of its shareholders or officers, and a sole stockholder performing work that might be performed by an ordinary employee may be entitled to worker's compensation should he sustain injury, Henk v. Eastern Air Taxi Inc., 91 N.J. Super. 317 (App. Div. 1966) (but cf. Johnson v. U.S. Life Ins. Co., 74 N.J. Super. 343 (App. Div. 1962)), it does not follow from this that where, as here, the principal was in all respects the alter ego of the professional association and functioned in precisely the same manner as if no association existed, including the hiring and firing of personnel, such person should be considered as one in the same employ with an injured employee so as to be liable to that person at common law for an intentional wrong under the exception contained in N.J.S.A. 34:15-8. An employee should be limited to one recovery "against what, in substance, whether or not technically, is a unitary employer-entity"  in this case Dr. Isaacson and his professional association. Freppon v. Hittner, 91 N.J. Super. 9, 12 (App. Div. 1966). Cf. Mazzuchelli v. Silberberg, 29 N.J. 15 (1959). If, on the other hand, we assume plaintiff's theory to be that the alleged intentional wrong was committed by her employer, whether it be the association or the individual, rather than by a fellow employee, and that a common law tort action against the wrongdoer in such case was not preempted by the workers' compensation statute, we would still conclude that plaintiff may not maintain this lawsuit. This is so because plaintiff availed herself of the statutory remedy, was accorded a full hearing and recovered an award for her injury. Any common law action she may have had was thus barred. See Damato v. DeLucia, *315 110 N.J.L. 380 (E. & A. 1933); Balogh v. Ladanye, 59 N.J. Super. 132 (App. Div. 1960); Watson v. Stagg, 108 N.J.L. 444 (Sup. Ct. 1932); Chickachop v. Manpower, Inc., 84 N.J. Super. 129 (Law Div. 1958); Houlihan v. Raymond, 49 N.J. Super. 85 (Law Div. 1964). While these cases do not involve the assertion of a common law action against an employer because of his own intentional wrong, we know of no reason for reaching a different result in such case. Our research has disclosed no reported case in this State squarely in point, but decisions in other jurisdictions have so held. Legault v. Brown, 283 App. Div. 303, 127 N.Y.S.2d 601 (App. Div. 1954); Burgess v. Tryde Mfg. Co., 20 Misc.2d 895, 195 N.Y.S.2d 519 (Sup. Ct. 1960); Jones v. Jeffreys, 224 S.W.2d 924 (Tex. Civ. App. 1951).
It is wholly immaterial whether there was a misnomer of the respondent in the compensation proceedings. Contrary to the view expressed by plaintiff, the error, if any, did not raise any genuine issue of fact. Plaintiff has not demonstrated to any competent evidence that the result in the Division would have been different on that account, or that, to the extent necessary, the judgment there could not have been appropriately amended there.
Finally, plaintiff argues that the workers' compensation judgment should not bar her action here on any concept of res judicata or collateral estoppel. The point which she seeks to make is of no consequence, since the bar, as we have indicated, is grounded solely upon an election of remedies which produced an award in her favor in the Division.
The summary judgment is affirmed.