BIANCO, J.T.C.
This matter comes before the Tax Court de novo upon remand by the Appellate Division, for the limited purpose of determining whether plaintiff, BIS, LP, Inc. (“BIS”) is entitled to receive the $1,480,524 tax refund plus interest for fiscal year 2003,[1] previously ordered by this court. While the refund was affirmed, the Appellate Division found that the present issue was improperly raised by defendant, Director, Division of Taxation (“Director”) for the first time on appeal, and remanded it here to make a sufficient record and for determination in the first instance.[2] To that end, *60 cross-motions for summary judgment were filed by the litigants. For the reasons set forth below, the court finds that BIS is entitled to the refund and therefore summary judgment is granted in favor of BIS. The Director’s motion for summary judgment is denied.

Statement of Facts

The facts are not in dispute and have been more fully set forth in the Appellate Division’s opinion in BIS LP, Inc. v. Director, Division of Taxation, 26 N.J.Tax 489 (App.Div.2011), and the Tax Court’s opinion in BIS LP, Inc. v. Director, Division of Taxation, 25 N.J.Tax 88 (Tax Ct.2009). Accordingly, only a brief summary of the facts and relevant procedural history have been included herein to aid in the understanding of the court’s analysis of the narrow issue now before it.
BIS is a wholly-owned subsidiary of a holding company, BISYS, Inc. (“BISYS”). BISYS is engaged in a limited partnership with BIS called BISYS Information Solutions L;P. (“Solutions”). BIS is the limited partner with a 99% interest and BISYS is the general partner with a 1% interest. On or about April 13, 2004, Solutions filed Form NJ-1065 for the fiscal year ending June 30, 2003. BIS’ distributive share of partnership income for New Jersey was $24,441,174 with a resulting “Corporate Partners share of Tax” being $2,199,706. On or about April 13, 2004, BIS filed Form CBT-100-R for the fiscal year ending June 30, 2003 and elected thereon to be taxed as an “Investment Company” pursuant to N.J.S.A. 54:10A-4(f).
Solutions was operated by BISYS Management (“Management”) pursuant to an agreement called the “Administrative and Management Services Agreement” (“Agreement”). The Agreement states that Management will “manage, operate, direct and exercise control over the business and affairs of’ Solutions. Accordingly, in satisfaction of the obligation imposed on Solutions under N.J.S.A. 54:10A-15.7(b) and N.J.S.A. 54:10A-15.8(a), Man *61 agement made two remittances on behalf of BIS to New Jersey, in the amounts of $1,700,000 and $369,023.[3]
The Director audited BIS’ 2003 CBT-100 Return, denied BIS investment company status and concluded that BIS had a unitary relationship with Solutions, therefore giving BIS enough of a constitutional presence in New Jersey to subject it to taxation. The Director issued a Notice of Assessment (“Notice”) dated December 1, 2005, assessing BIS for additional Corporation Business Tax (“CBT”) in the amount of $889,244.74, which included penalties and interest through January 15, 2006.
BIS filed a protest with Conference and Appeals to no avail and ultimately appealed to the Tax Court. The Tax Court determined that BIS had no nexus with New Jersey and therefore owed no CBT. The Tax Court granted BIS an abatement of the entire CBT amount of $1,008,537 (including penalties and interest)[4] and ordered a refund in the amount of $1,480,524,[5] plus interest. See BIS LP, Inc. supra, 25 N.J.Tax at 91. On appeal to the Appellate Division, the Tax Court’s decision was affirmed. See BIS LP, Inc., supra, 26 N.J.Tax 489. The matter, however, was remanded for the limited purpose of determining whether BIS is entitled to receive the tax refund. Id.
On remand, the Director maintains that BIS, the non-resident partner in Solutions, is not the appropriate entity to receive the *62 refund ordered by this court. Rather, according to the Director, Solutions, which made payments on behalf of BIS through Management, would have been entitled to a refund and could have made application for the same, but now, the four-year statute of limitations has expired. See N.J.S.A. 54:49-14(a).

Summary Judgment

Pursuant to New Jersey’s Court Rule 4:46, a court shall grant a motion for summary judgment
... if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged, and that the moving party is entitled to a judgment or order as a matter of law.
[R. 4:46 — 2(c).]
R. 4:46 outlines the requirements in support of a motion for summary judgment:
The motion for summary judgment shall be served with briefs, statement of material facts and with or without supporting affidavits. The statement of material facts shall set forth in separately numbered paragraphs a concise statement- of each material fact to which the movant contends there is no genuine issue together with a citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted. The citation shall identify the document and shall specify the pages and paragraphs or lines thereof or the specific portions of exhibits relied on. A motion for summary judgment may be denied without prejudice for failure to file the required statement of material facts.
[R. 4:46-2(a).]
Summary judgment is appropriate where “[A] discriminating search of the merits in the pleadings, depositions and admissions on file, together with the affidavits submitted on the motion clearly shows not to present any genuine issue of material fact requiring disposition at a trial.” Judson v. Peoples Bank and Trust Co., 17 N.J. 67, 74, 110 A.2d 24 (1954) (citation omitted). “The moving papers and pleadings are to be considered most favorably to the party opposing the motion. All doubts are to be resolved against the movant.” Ruvolo v. Am. Cas. Co., 39 N.J. 490, 499, 189 A.2d 204 (1963); See also Seltzer v. Isaacson, 147 N.J.Super. 308, 312-313, 371 A.2d 304 (App.Div.1977). “The papers supporting the motions are closely scrutinized and the opposing papers indulgently treated.” Judson, supra, 17 N.J. at 75, 110 A.2d 24 (citation omitted).
*63 “By its plain language, R. 4:46-2 dictates that a court should deny a summary judgment motion only where the party opposing the motion has come forward with evidence that creates a ‘genuine issue as to any material fact challenged.’ ” Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529, 666 A.2d 146 (1995). “That means a non-moving party cannot defeat a motion for summary judgment merely by pointing to any fact in dispute.” Ibid. If the opposing party in a summary judgment motion offers “[ojnly facts which are immaterial or of an insubstantial nature, a mere scintilla, fanciful, frivolous, gauzy or merely suspicious, he will not be heard to complain if the court grants summary judgment, taking as true the statement of uncontradicted facts in the papers relied upon by the moving party, such papers themselves not otherwise showing the existence of an issue of material fact.” Judson, supra, 17 N.J. at 75, 110 A.2d 24 (citations omitted).
As the material facts herein are not in dispute, this matter is ripe for summary judgment.

Analysis

This issue centers on whether a partnership or its partners are the actual taxpaying entity for the purposes of a CBT refund.
In 2001, the New Jersey legislature enacted N.J.S.A 54:10A-15.7 as a mechanism to provide for the payment of applicable CBT by a nonresident corporate partner of a limited partnership. N.J.S.A 54:10A-15.7 provides in relevant part,:
a. A limited partnership ... may obtain .. the consent of each of its partners ... to the following jurisdictional requirements ... that this State shall have the right and jurisdiction to tax and collect the taxt]
b. A limited partnership ... that is not a qualified investment partnership and that has not obtained ... consent of ... its partners ... shall ... remit a payment of tax equal to the nonconsenting partners’ share of the entire net income of the limited partnership ... [t]he limited partnership ... shall have the right, but not the obligation, to recover from the nonconsenting partners such payments made by the partnership.
c. An amount of tax paid by a limited partnership ... pursuant to subsection b. of this section attributable to a nonconsenting partner shall be credited to the partner as of the date of its receipt by the director.
[N.J.S.A. 54:10A-15.7.]
As part of the Business Tax Reform Act of 2002, the Legislature enacted N.J.S.A. 54:10A-15.11, which further clarified how the tax *64 payments required by N.J.S.A 54:10A-15.7 would be treated. N.J.S.A. 54:10A-15.11, in relevant part, provides:
a. (1) A partnership that is not a qualified investment partnership ... shall, ... remit a payment of tax. The amount of tax shall be equal to the sum of: all of the share of the entire net income of the partnership for that privilege period of all nonresident noncorporate partners____
(2)(a) A partnership that is subject to the tax ... shall make installment payments ... on or before the 15th day____
(b) A partnership required to make an installment payment ... shall be deemed to make an installment payment ... and shall be liable for any additions to tax provided thereunder.
b. An amount of tax paid by a partnership ... shall be credited to accounts of its nonresident partners ... and each amount of tax so credited shall be deemed to have been paid by the respective partner in respect of the privilege period or taxable year of the partner.
c. For the purposes of this section:
“Investment club” means an entity: that is classified as a partnership for federal income tax purposes ...;
“Nonresident noncorporate partner” means, an individual, an estate or a trust subject to taxation pursuant to the “New Jersey Gross Income Tax Act,” N.J.S.54A:1-1 et seq., that is not a resident taxpayer or a resident estate or trust under that act;
“Nonresident corporate partner” means a partner that is not an individual, an estate or a trust subject to taxation pursuant to the “New Jersey Gross Income Tax Act,” N.J.S.54A:1-1 et seq., that is not a corporation exempt from tax pursuant to section 3 of P.L.1945, c. 162 (C.54:10A-3), and that does not maintain a regular place of business in this State other than a statutory office; and “Partner” means an owner of an interest in the partnership, in whatever manner that owner and ownership interest are designated.
[N.J.S.A. 54:10A-15.11(a) to -15.11(c) ]
The Director contends that, the relevant language of N.J.S.A 54:10A-15.11(b) (i.e. “each amount of tax so credited [to nonresident partners] shall be deemed to have been paid by the respective partner”), does not mean a partnership’s remittance of CBT is converted or otherwise transformed into a payment actually made by the non-resident partner. The Director maintains that (1) the CBT was not paid by BIS; (2) the funds never belonged to BIS and were not converted or otherwise transferred to BIS’ ownership; and (3) BIS, an out of state entity, cannot obtain payment of those funds from the State of New Jersey.
Since Management paid CBT on behalf of Solutions, the Director argues that, to pay a CBT refund to BIS, an entity *65 adjudicated not to have nexus with New Jersey, would erroneously transfer monies out of state. The Director, in his view, would serve as a conduit for an incorrect transfer that would not comport with the plain language of N.J.S.A. 54:10A-15.7 and -15.11.
The court finds, however, that the Director’s contentions are based primarily on a tenuous interpretation of N.J.S.A. 54:10A-15.11, where being “deemed” to have paid tax does not entitle a party to be treated as having actually paid the tax. By so interpreting the statute, the Director ignores his own regulation, namely N.J.A.C. 18:7-17.6,[6] which clearly provides that payments made on behalf of non-resident partners “will be deemed to have been paid by the respective partner” N.J.A.C. 18:7-17.6(b), and any excess tax payments “may be refunded to the partner” N.J.A.C. 18:7-17.6(c).
N.J.A.C. 18:7-17.6 provides:
(a) As of the date the Division receives the payment, the amount of tax paid by a partnership pursuant to N.J.A.C. 18:7-17.5 shall be credited to accounts of its nonresident partners in proportion to each nonresident partner’s share of allocated entire net income and the rate for that partner class set forth in N.J.A.C. 18:7-17.5.
(b) Each payment amount credited will be deemed to have been paid by the respective partner for the privilege period of the partner.
(e) A nonresident noncorporate partner and a nonresident corporate partner may claim a credit on their own New Jersey return for the amount of tax allocated to them by the partnership. Any excess tax payments may be refunded to the partner.
N.J.A.C. 18:7-17.6 makes abundantly clear that when a CBT payment is made on behalf of a non-resident partner, that partner is deemed to have paid it and is eligible to receive a refund even though technically the funds were remitted to the state by a third party.[7]
*66 Furthermore, there is nothing in the statutory language to support the conclusion that the New Jersey partnership, but not the non-consenting partner, “owns” the funds at issue here.
The Assembly Appropriations Committee stated as follows:
Under this substitute ... a limited partnership or foreign limited partnership ... may obtain the consent of each of its owners that are not individuals, trusts or estates subject to ... [Gross Income Tax] ... that this State has the right and jurisdiction to tax the owner’s income derived from the activities of the ... limited partnership in New Jersey. A business that does not have the consent of all of its owners must pay a [CBT] liability, on behalf of its nonconsenting owners, on each of the nonconsenting owner’s shares of the business’ New Jersey Income.
These payment amounts are credited to accounts for the nonconsenting owners, who may let them stand in payment for the liabilities or who may consent to taxation and, as part of that process, apply for refunds of any amounts in excess of their actual liability paid on their behalf.
[Assembly Approp. Comm. Stmt, to ACS for A3045 (6/21/01).]
The legislative history of N.J.S.A 54:10A-15.7 demonstrates that the Legislature intended to have the nonconsenting partner receive any refund of taxes paid on its behalf by the limited partnership. Specifically it provides that “nonconsenting owners ... may consent to taxation, [which BIS did by filing a CBT-100] and, as part of that process, apply for refunds of any amounts in excess of their actual liability paid on their behalf.” See Assembly Committee Substitute for Assembly 3045, supra, dated June 11, 2001; See also Fiscal Note Assembly Committee Substitute for Assembly 3045, dated July 11, 2001.
Since BIS filed form CBT-100, the court rejects the Director’s contentions that (1) BIS did not consent to taxation as required by N.J.S.A 54:10A-15.7, and therefore the CBT payment made by Management cannot be “credited” to or “deemed” to have been made by BIS, and (2) that Solutions is the proper entity to receive the refund only such a claim filed by Solutions would presently be time-barred by the statute of limitations.
*67 Furthermore, to embrace the Director’s position that Solutions is the proper recipient of the refund, but is now time-barred by N.J.S.A. 54:49-14(a), would effectively negate the court’s prior ruling (something the Appellate Division did not do), and would allow for the State to retain improperly assessed taxes paid by Management on behalf of BIS. In this court’s view such an absurd result, to borrow a phrase, would be “outrageous, egregious, preposterous,” Seinfeld: The Maestro (Castlerock Entertainment October 5, 1995), and may hinder the state’s efforts to ensure compliance with its tax code by non-resident partners.

Conclusion

The court concludes that the Director’s aforementioned contentions are incorrect. N.J.A.C. 18:7-17.6(b) unequivocally states that the excess payment by the partnership is to be “refunded to the partner.” As BIS was the limited partner, the court is satisfied that BIS is entitled to the refund. Accordingly, BIS’s motion for summary judgment is granted and the Director’s motion is denied. The Director shall pay BIS the $1,480,524 tax refund plus interest, previously ordered by this court and affirmed by the Appellate Division. A copy of the court’s order and final judgment reflecting the court’s decision herein has been provided to all counsel.[8]

 BIS operates on a July 1 to June 30 fiscal year. For the present matter the fiscal year is July 1, 2002 to June 30, 2003.

 According to the Appellate Division:
This issue has not been properly raised. It was not articulated in a separate point heading in the Director's initial brief, [citations omitted] The only analysis of this issue is found in the Director's reply brief. It is improper to introduce new issues in a reply brief, [citations omitted] Although the issue has not been properly raised, the public interest in the matter dictates that it should be decided on the merits.... [A] reviewing court should [not] decide the issue in the first instance, especially because the record is insufficient to allow for an informed decision on the issue and it has not been adequately briefed ... Further, the expertise of the Tax Court should be applied. Accordingly, we remand for that limited purpose.
*60 [BIS LP, Inc. v. Director, Division of Taxation, 26 N.J.Tax 489, 501-502 (App.Div.2011).]

 The stated purpose of the Agreement, executed solely between Solutions and Management, was for Management to conduct administrative and management tasks on behalf of Solutions. According to the Director the Agreement's purpose was not to re-direct or transfer money, CBT or otherwise, from Management to BIS. The court observes, however, that the Agreement includes sections which specifically deal with "taxes”: section 2.1(e) provides in part for Management to make, “tax ... filings” on behalf of Solutions, even without Solutions’ specific consent; and, section 2.3(d) provides for Management to “render or cause to be rendered ... corporate tax compliance." Clearly under the Agreement, Management was responsible for the payment of the partnership’s taxes which is an obligation inherent in the tax compliance function.

 This amount is the Final Determination of the Director after protest, including penalties and interest through April 15, 2007.

 This amount was determined by BIS and accepted by the court.

 The Director finally addresses N.J.A.C. 18:7-17.6 for the first time in his reply brief.

 In Gannet New Jersey Partners v. Director, Division of Taxation, Docket No. 002486-2011 (N.J.T.C.2011), a case now pending before another judge of the Tax Court, the Complaint alleges that the Director denied Gannet’s refund claim by letter dated November 23, 2009, stating that, “it is the non-resident partner who is entitled, to file any claim for a refund that may cause [sic] and not the entity that remitted the tax on its behalf.” (Emphasis added). In his Answer, the *66 Director denies having "knowledge or information sufficient to form a belief as to the truthfulness” of the content of that letter. However, in the same Answer, and again in his Answer to the Amended Complaint, the Director "admits the authenticity” of his January 6, 2011 final determination letter, which provides that "[t]hose refunds are to be claimed by [the] nonresident corporate partners.”

 Given the court's determination, the issue raised by BIS concerning whether partnerships are pass-through entities with regard to CBT, need not be addressed.