PER CURIAM.
This case returns to us after our limited remand in BIS LP, Inc. v. Director, Division of Taxation, 26 N.J.Tax 489, 501-02 (App.Div.2011). Plaintiff BIS LP, Inc. (BIS) filed a New Jersey corporation business tax (CBT) return electing to be taxed as an investment company. BIS reported income it received from BI-SYS Information Solutions L.P. (Solutions), in which BIS maintained a ninety-nine percent limited partnership interest. After the Director disallowed BIS’s election as an investment company, BIS contended it owed no tax and sought a refund of the $1,480,524 in tax it previously reported due. We affirmed the Tax Court’s decision, reported at 25 N.J.Tax 88 (Tax 2009), that plaintiff BIS lacked sufficient nexus to New Jersey to be subject to CBT.
However, we remanded to the Tax Court to consider the Director’s argument, raised for the first time in its reply brief, that any refund of the taxes paid on BIS’s behalf should not be paid to BIS. Instead, the Director argued, the refund should be paid to Solutions, because it apparently remitted the tax on BIS’s behalf. As clarified during discovery on remand, actually another entity, BISYS Management Company (Management), remitted the tax pursuant to a contractual servicing arrangement with Solutions.[1]
Upon cross-motions for summary judgment, Judge Vito L. Bianco determined that the Director was obliged to refund the *271 taxes paid on BIS’s behalf to BIS, pursuant to N.J.S.A. 54:10A-15.7, -15.11, and N.J.A.C. 18:7-17.6. The Director appeals and presents the following points for our consideration:
PARTIAL SUMMARY JUDGMENT ON REMAND IN FAVOR OF BIS SHOULD BE REVERSED BECAUSE BIS IS NOT A TAXPAYER ENTITLED TO A “REFUND” OR OTHER PAYMENT OF THE CBT FUNDS PAID BY A SEPARATE ENTITY, BIS-MANAGEMENT.
A In Granting Partial Summary Judgment to BIS, the Tax Court Erred by Misapplying the Governing Law to the Undisputed Material Facts Presented.
B. BIS Is Not Entitled to a “Refund” Because BIS Did Not Pay the CBT Granted by the Tax Court, BIS Does Not Consent to Taxation by New Jersey, and BIS Has Been Adjudicated Not To Have Been Doing Business or Have Had Nexus Here for 2002.
We have carefully considered these arguments, which largely renew those the Director presented to the Tax Court. We are unpersuaded. In particular, inasmuch as BIS filed a CBT return, we find unavailing the Director’s argument, grounded in the legislative history of N.J.S.A. 54:10A-15.7, that BIS did not provide sufficient “consent to taxation ... [in order to] apply for refunds of any amounts in excess of ... actual liability paid on [its] behalf.” Statement to Assembly Committee Substitute for Assembly Bill 3045, 209th Leg. (2001). We therefore affirm the judgment of the Tax Court substantially for the reasons set forth by Judge Bianco in his written opinion reported at 27 N.J.Tax 58 (Tax 2012).
Affirmed.

The record reflects, however, both Solutions and Management would be time-barred from seeking the refund. See N.J.S.A. 54:49-14(a). As a consequence, the Director’s position on remand and on this appeal would result in no refund of the taxes paid on BIS’s behalf.