103 N.J. Super. 522 (1968)
248 A.2d 129
HELEN B. BRYAN, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF JOHN S. BRYAN, DECEASED, PLAINTIFF-APPELLANT,
v.
HENRY JEFFERS, JR., AND HENRY W. JEFFERS, III, DEFENDANTS-RESPONDENTS, AND NEW JERSEY MANUFACTURERS INSURANCE COMPANY, ETC., ET AL., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 18, 1968.
Decided December 3, 1968.
*523 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Herman W. Kapp argued the cause for appellant (Mr. Albert W. Seaman, of counsel).
Mr. Robert E. Monaghan argued the cause for respondents (Messrs. Schneider & Morgan, attorneys).
PER CURIAM.
We do not agree with the contention of plaintiff that the exception for "intentional wrong" in the statute eliminating tort liability, as between persons in the same employ, where the injury sued for is compensable by workmen's compensation, N.J.S.A. 34:15-8, is equatable with "gross negligence," or similar concepts importing constructive intent.
Our discussion of the background against which the cited provision of the Workmen's Compensation Law was adopted by amendment in 1961 (L. 1961, c. 2) in Miller v. Muscarelle, 67 N.J. Super. 305, 321 (App. Div. 1961), certification denied 36 N.J. 140 (1961), demonstrates there was a strong legislative reaction against the previous practice of workmen suing fellow employees, even those in supervisory capacities, after recovery of compensation against the common employer. It was there pointed out that in practical effect such actions often subject the employer itself to an indirect burden of liability to the injured employee beyond that scheduled by the workmen's compensation act. Ibid. The policy objective sought by the 1961 amendment would not be attained if the exception for "intentional wrong" were construed to leave open a loophole for such actions against fellow employees in the guise of claims for "gross negligence." We think the Legislature intended the words *524 "intentional wrong," in this context, to have their commonly understood signification of deliberate intention. Compare 2 Larson, Workmen's Compensation Law, § 69.20, pp. 161-62, dealing with employer-misconduct statutes, where willful intent to cause injury is held to require a showing of deliberate intention rather than gross negligence.
In view of the foregoing we need not consider whether there was a common-law liability of defendants to the decedent in respect of the dangerous condition of the autoclave, on the fact situation here shown and the legal principles concerning duty laid down in relation thereto in Miller v. Muscarelle, supra (67 N.J. Super., at p. 331).
Judgment affirmed.