Cynthia PETRUSKA, as administratrix
of the estate of John R. Petruska and
in her own behalf

v.

JOHNS–MANVILLE et al.

Civ. A. No. 77–3341.

United States District Court,
E. D. Pennsylvania.

April 30, 1979.

Edward Rubin, Hamburg, Rubin, Mullin
& Maxwell, Lansdale, Pa., for plaintiff.

Francis E. Marshall, Marshall, Dennehey
& Warner, Thomas C. DeLorenzo, Philadel-
phia, Pa., for defendants.

POLLAK, District Judge.

In 1977, Cynthia Petruska and her late
husband, John R. Petruska, both citizens of
Pennsylvania, brought this diversity action
against Johns-Manville Products Corpora-
tion (hereinafter "Products"), a Delaware
corporation, and Canadian Johns-Manville
Asbestos, Ltd. (hereinafter "Canadian"), a
Quebec corporation. Up to now, the litiga-
tion has proceeded on two theories of liabili-
ty. First, the complaint seeks to impose
liability on defendant Products for two as-
bestos-related diseases—mesothelioma and
asbestosis—allegedly contracted by John
Petruska as a result of living in the vicinity
of Products' plant in Manville, New Jersey,
from 1942 to 1960, during which time he
was employed by Products. Second, the
complaint seeks to impose liability on de-
fendant Canadian for distributing to de-
fendant Products asbestos "which [it] knew
or . . . should have known [was] dele-
terious, poisonous and highly harmful to
Plaintiff's body, lungs, respiratory system,
skin, and health."

John Petruska died in 1978 and this liti-
gation is now prosecuted by his wife, as
executrix of his estate, and in her own
behalf for the loss of companionship and
consortium. She has now moved to file an
amended complaint, adding a further claim
against Products which would read as fol-
lows:

32. During the course of Plaintiff's
decedent's employment with Defendant,
as previously set forth herein, Defendant
intentionally, willfully and recklessly al-

See also, D.C., 83 F.R.D. 32.

lowed Plaintiff's decedent to be exposed to asbestos and asbestos fiber, which exposure directly and proximately caused him to develop illnesses known and designated as mesothelioma and asbestosis, which caused Plaintiff's decedent's illness, pain and suffering and eventually [sic] death as previously set forth.

33. The willfulness and intentional wrongdoing of the defendant in allowing Plaintiff's decedent to be exposed consisted of:

(a) Failing to warn Plaintiff's decedent of known health hazards of asbestos exposure.

(b) Disregarding scientific and medical warnings of the health hazards associated with asbestos exposure.

Defendants argue that assertion of such a claim in this court is barred because the claim, if any, arose pursuant to the decedent's employment relationship with defendant Products and therefore falls within the exclusive province of the New Jersey Workmen's Compensation Act.*

Section 34:15–8 of the New Jersey statutes provides that "[i]f an injury or death is compensable under this article [The Workmen's Compensation Act], a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong." While this statutory language seems to remove from the exclusivity of the Act only the intentional wrongs committed by co-workers, there is authority suggesting that an employee can maintain an action at law to recover for intentional wrongs committed by his employer. *Seltzer v. Isaacson,* 147 N.J.Super. 308, 371 A.2d 304 (1977). See also 2A Larson, The Law of Workmen's Compensation, § 68.10. However, the New Jersey Superior Court has given "intentional wrong" a narrow construction:

We think the Legislature intended the words "intentional wrong" in this context to have their commonly understood signification of deliberate intention. Compare 2 Larson, Workmen's Compensation Law, § 69.20, pp. 161–62, dealing with employer-misconduct statutes, where willful intent to cause injury is held to require a showing of deliberate intention rather than gross negligence.

*Bryan v. Jeffers,* 103 N.J.Super. 522, 248 A.2d 129 (1968). As Professor Larson has observed, "[e]ven if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, wilfully failing to furnish a safe place to work, or even wilfully and unlawfully violating a safety statute, this still falls short of the 'kind of actual intention to injure that robs the injury of accidental character." § 68.13, at 13–8 (citations omitted). See also *Ulicny v. National Dust Collection Corporation,* 391 F.Supp. 1265 (E.D.Pa.1975) (construing the Pennsylvania Workmen's Compensation Act to require intention to injure). This strict definition assures that the overwhelming majority of work-related accident claims will be referred to the Workmen's Compensation Bureau.

Since Cynthia Petruska does not allege a deliberate intention to injure or facts from which such a deliberate intention might be reasonably inferred, her proposed claim is barred by the New Jersey Workmen's Compensation Act, and her motion to amend the complaint is denied.

---

* There seems to be no dispute that New Jersey law applies; as the state of the employment relationship, New Jersey would appear to have the most significant relationship to the matter in dispute. See *Griffith v. United Air Lines, Inc.,* 416 Pa. 1, 203 A.2d 796 (1964).