**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2035-17T1

RAYMOND JOHNS,

    Plaintiff-Appellant,

v.

THOMAS WENGERTER,

    Defendant/Third-Party
    Plaintiff-Respondent,

v.

CITY OF LINDEN,

    Third-Party Defendant.

_____

Argued December 6, 2018 – Decided April 1, 2019

Before Judges Simonelli, Whipple and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. L-0798-16.

Louis David Balk argued the cause for appellant (The Balk Law Firm, PC, attorneys; Louis David Balk, of counsel; Caroline E. Doyle, on the briefs).

Gilbert Leeds argued the cause for respondent (Schenck, Price, Smith & King, LLP, attorneys; Gilberts Leeds, of counsel; Sandra Calvert Nathans, on the brief).

PER CURIAM

Plaintiff Raymond Johns appeals from the December 1, 2017 order of the Law Division dismissing his claims for damages for injuries he suffered as the result of a prank by a coworker. We affirm.

I.

The following facts are derived from the record. Johns is employed by the City of Linden (City) as a firefighter. On November 27, 2015, Johns was on duty at the firehouse. He was in the men's bathroom when he sat down on a toilet and heard and felt an explosion beneath him. Johns examined himself for injury and discovered a significant amount of blood coming from the left side of his scrotum, on which a blood blister had formed. The remnants of an exploded bang snap, a small firework without a fuse that detonates when compressed, was discovered on the toilet. After an investigation, defendant Thomas Wengerter, a fellow City firefighter, admitted to having placed bang snaps in various places in the firehouse as a prank, although he later denied having placed a bang snap on the toilet. The record, however, contains

2

significant evidence contradicting Wengerter's denial, including his apology to Johns immediately after the incident.

Shortly after being injured, Johns left work to be treated at a medical facility.  He was diagnosed with a second-degree burn on his scrotum and a contusion of the left testicle.  He was thereafter placed off duty.  He returned to work on December 9, 2015.  Johns suffered no lost wages, and the City paid all his medical expenses.  He did not file a workers' compensation claim.  Wengerter was suspended for the incident.

On March 8, 2016, Johns filed a complaint in the Law Division against Wengerter, seeking damages for his injuries.  Wengerter denied Johns's allegations and alleged that his claims are barred by the Workers' Compensation Act (WCA), N.J.S.A. 34:15-1 to -146, because Johns was injured by a coworker while both were acting within the scope of their employment.  Wengerter also filed a third-party complaint against the City, alleging that it was responsible for any damages awarded against Wengerter because it allowed a high degree of pranking among on-duty firefighters.

After discovery, Wengerter and the City moved for summary judgment. Johns opposed the motions.  He argued that his claims are not barred by the WCA because Wengerter was acting outside of the scope of his employment

when he placed the explosive device on the toilet, and because Wengerter's acts were intentional or grossly negligent.

On December 1, 2017, the trial court entered an order granting summary judgment in favor of Wengerter and the City and dismissing Johns's complaint with prejudice. In its oral opinion, the trial court concluded that Johns was harmed as the result of a coworker's prank within the meaning of the "horseplay or skylarking" provision of the WCA. N.J.S.A. 34:15-7.1. That statute provides that

> [a]n accident to an employee causing his injury or death, suffered while engaged in his employment but resulting from horseplay or skylarking on the part of a fellow employee, not instigated or taken part in by the employee who suffers the accident, shall be construed to have arisen out of and in the course of the employment of such employee and shall be compensable under the act[.]
>
> [N.J.S.A. 34:15-7.1.]

Thus, the court concluded, Johns's injuries are compensable under the WCA and his claims against Wengerter are barred under N.J.S.A. 34:15-8 ("If an injury . . . is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury . . . for any act or omission occurring while such person was in the same employ as the person injured . . . except for intentional wrong.").

A-2035-17T1

The trial court also concluded that Wengerter's conduct was not an "intentional wrong," within the meaning of N.J.S.A. 34:15-8. The court found there was no genuine dispute that Wengerter did not have a subjective desire to injure anyone or a substantial certainty that an injury would occur from his prank.

This appeal followed. Johns argues that the trial court erred in granting summary judgment to Wengerter because genuine issues of material fact exist with respect to whether: (1) Wengerter was acting in the scope of his employment when he set up the prank; and (2) Wengerter's acts constituted an intentional wrong within the meaning of N.J.S.A. 34:15-8.[1]

II.

We review the trial court's decision granting summary judgment de novo, using "the same standard that governs trial courts in reviewing summary judgment orders." Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998). Rule 4:46-2(c) provides that a court should grant summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is

_____

[1] No appeal was taken from the dismissal of Wengerter's claims against the City.

entitled to a judgment or order as a matter of law."  "Thus, the movant must show that there does not exist a 'genuine issue' as to a material fact and not simply one 'of an insubstantial nature'; a non-movant will be unsuccessful 'merely by pointing to <u>any</u> fact in dispute.'"  <u>Prudential</u>, 307 N.J. Super. at 167 (quoting <u>Brill v. Guardian Life Ins. Co. of Am.</u>, 142 N.J. 520, 529-30 (1995)).

Self-serving assertions unsupported by evidence are "insufficient to create a genuine issue of material fact."  <u>Miller v. Bank of Am. Home Loan Servicing, L.P.</u>, 439 N.J. Super. 540, 551 (App. Div. 2015) (alteration in the original) (quoting <u>Heyert v. Taddese</u>, 431 N.J. Super 388, 414 (App. Div. 2013)).  "Competent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'"  <u>Hoffman v. Asseenontv.Com, Inc.</u>, 404 N.J. Super. 415, 426 (App. Div. 2009) (quoting <u>Merchs. Express Money Order Co. v. Sun Nat'l Bank</u>, 374 N.J. Super. 556, 563 (App. Div. 2005)).  We review the record "based on our consideration of the evidence in the light most favorable to the parties opposing summary judgment."  <u>Brill</u>, 142 N.J. at 523.

The WCA compensates employees for personal injuries caused "by accident arising out of and in the course of employment[.]"  N.J.S.A. 34:15-7.  The WCA authorizes benefits "irrespective of the fault of the employer or contributory negligence and assumption of risk of the employee."  <u>Harris v.</u>

Branin Transp., Inc., 312 N.J. Super. 38, 46 (App. Div. 1998).  In addition, recovery under the statute is "the exclusive remedy for an employee who sustains an injury in an accident that arises out of and in the course of employment."  McDaniel v. Lee, 419 N.J. Super. 482, 490 (App. Div. 2011) (quoting Ahammed v. Logandro, 394 N.J. Super. 179, 190 (App. Div. 2007)).

The exclusive-remedy provision of the WCA applies where an employee is injured by a coworker.  N.J.S.A. 34:15-8.  In McDaniel, we described the three-part test to determine if an employee's claims against a co-worker are barred by the WCA:

> In order for the statute to apply as a bar to a suit against a co-employee, three conditions must be satisfied: (1) the plaintiff must have suffered a compensable injury; (2) the plaintiff and defendant must have been co-employees; and (3) the defendant must have been acting in the course of his employment.
>
> [419 N.J. Super. at 491 (quoting Daus v. Marble, 270 N.J. Super. 241, 246 (App. Div. 1994)) (internal quotations omitted).]

The bar on recovery against a coworker does not apply, however, where an employee is injured by the coworker's "intentional wrong."  N.J.S.A. 34:15-8.

Having carefully reviewed Johns's arguments in light of the record and applicable legal principles, we conclude that there is sufficient evidence supporting the trial court's findings of fact and conclusions of law.  Of the three

7

parts of the test set forth in McDaniel, Johns disputes only the trial court's conclusion with respect to factor three: that no genuine issue of material fact exists with respect to whether Wengerter was acting within the scope of his employment when he placed the bang snap on the toilet.

As noted above, the Legislature unequivocally provided that injuries caused by "horseplay or skylarking on the part of a fellow employee, not instigated or taken part in by the employee who suffers the accident, shall be construed to have arisen out of and in the course of the employment of such employee and shall be compensable under the act[.]" N.J.S.A. 34:15-7.1. The plain language of the statute "emphasizes an intent to rectify the injustice of withholding compensation from the innocent victim of the sportive act of another . . . whether or not such act was part of a common practice of which the employer knew or should have known[.]" McKenzie v. Brixite Mfg. Co., 34 N.J. 1, 7-8 (1961) (quotation omitted).

Johns produced no evidence that Wengerter's placement of the bang snap on the toilet was anything other than an ill-conceived prank or "so far a deviation" from work-related activity "as to constitute an abandonment of his employment." Trotter v. Cty. of Monmouth, 144 N.J. Super. 430, 435 (App. Div. 1976). To the contrary, the record establishes that Wengerter was

8

accustomed to playing what he perceived to be harmless pranks on his coworkers while they were in the firehouse between assignments. The placement of a bang snap on a men's room toilet falls within the realm of coworker horseplay intended to startle, but not injure, a coworker despite the unfortunate and unintended result in this instance. Wengerter's acts took place at the workplace, while Johns and Wengerter were on duty, and involved, in part, an employer-owned fixture. We agree with the trial court that the express provisions of N.J.S.A. 34:15-7.1 encompass Wengerter's acts and bar Johns's claims.

We do not agree with Johns's argument that the trial court erred by concluding that no genuine dispute exists with respect to whether Wengerter's acts were intentional within the meaning of the WCA. An employee commits an "intentional wrong" under N.J.S.A. 34:15-8 when he acts with "substantial certainty" that harm will occur. Millison v. E.I. Du Pont de Nemours & Co., 101 N.J. 161, 179 (1985). Under the WCA, "intentional wrong" is not "equatable with 'gross negligence,' or similar concepts importing constructive intent." Bryan v. Jeffers, 103 N.J. Super. 522, 523 (App. Div. 1968). Rather, a "deliberate intention" to injure must be shown. Id. at 523-24.

> [U]nder Millison, in order for an employe[e]'s act to lose the cloak of immunity of N.J.S.A. 34:15–8, two conditions must be satisfied: (1) the employe[e] must know that his actions are substantially certain to result

in injury or death to the employee, and (2) the resulting injury and the circumstances of its infliction on the worker must be (a) more than a fact of life of industrial employment and (b) plainly beyond anything the Legislature intended the [WCA] to immunize.

[Laidlow v. Hariton Mach. Co., 170 N.J. 602, 617 (2002).]

The record is devoid of evidence that Wengerter acted with substantial certainty of the risk of injury ultimately suffered by Johns. Wengerter produced evidence that bang snaps had regularly been used in pranks at the firehouse without inflicting physical injuries. There is no suggestion in the record that Wengerter was aware that the particular circumstances of the prank that injured Johns was substantially certain to result in a physical injury. Nor is there a suggestion in the record that Wengerter intentionally set out to harm Johns or anyone else with his ill-advised plan to play pranks while he was at work. In addition, the horseplay or skylarking provision of the WCA evidences a legislative intent to make injuries from such activities compensable under the statute.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2035-17T1